FILED
FEBRUARY 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1164**

| | |
|---|---|
| JAMES HALL FOSTER,            )<br>                              )<br>       Plaintiff,             )<br>                              )<br>       v.                     )<br>                              )<br>KIRK L. HILL,                 )<br>                              )<br>       Defendant-Petitioner,  )<br>                              )<br>       v.                     )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>                              )<br>       Respondent.            ) | Judge Der-Yeghiayan  **JUDGE NORGLE**<br>                      **MAGISTRATE JUDGE COLE**<br><br>No.<br><br>(formerly No. 04 L 180 in the Circuit<br>Court of Lake County, Illinois) |

## NOTICE OF REMOVAL

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby removes this action from Illinois state court pursuant to 28 U.S.C. § 2679(d)(3), and in support thereof states as follows:

1. This action arises out of an assault by defendant-petitioner Hill against plaintiff Foster occurring at the Naval Training Center in Great Lakes, Illinois. Hill is a former member of the SEa Air Land (SEAL) forces operated by the United States Navy.

2. On May 17, 2006, this court issued a memorandum opinion finding that Hill was not acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit. Accordingly, the court dismissed the United States from this action and remanded it to Illinois state court.

3. On August 13, 2007, the Seventh Circuit dismissed Hill's appeal of this action for lack of jurisdiction. Thereafter, Hill did not seek a rehearing of the Seventh Circuit's dismissal or file a petition for a writ of certiorari with the Supreme Court.

4. On December 3, 2007, Hill filed a renewed petition in Illinois state court again seeking a judicial certification that he was acting within the scope of his federal employment at the time of the assault, and further requesting that the United States be substituted for him as the sole defendant.

5. On December 10, 2007, the United States removed Hill's renewed petition pursuant to 28 U.S.C. § 2679(d)(3). When a petition is filed in a state court proceeding seeking a federal scope of employment certification, the action may be removed to federal court by the Attorney General pursuant to 28 U.S.C. § 2679(d)(3).

6. On January 31, 2008, this court issued a minute order reaffirming its earlier determination that Hill was not acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit. Accordingly, the court dismissed the United States from this action and remanded it to Illinois state court for a second time. Since that time, Hill has not appealed the court's second remand order.

7. On February 6, 2008, the United States sent Hill's counsel a letter requesting that Hill file no further petitions in Illinois state court seeking a federal scope of employment certification. Exhibit 1. In its letter, the United States explained that it was entitled to remove any such petition pursuant to 28 U.S.C. § 2679(d)(3), that this court would presumably deny any such petition for the same reasons that it denied Hill's initial and renewed petitions, and that any further petitions would

only lead to a recurring cycle of removals and denials which would be a waste of time and resources for both the courts and the parties. *Id.*

8. On February 25, 2008, Hill served the United States by email with a motion filed in Illinois state court seeking a briefing schedule and argument on Hill's renewed petition for a federal scope of employment certification. Attached hereto as Exhibit 2 is a copy of Hill's motion to set a briefing schedule and argument on his renewed petition.

9. Because Hill's motion to set a briefing schedule and argument on his renewed petition effectively seeks a judicial certification that he was acting within the scope of his federal employment at the time of his assault on James Foster, this action may be removed to federal court by the Attorney General pursuant to 28 U.S.C. § 2679(d)(3).

WHEREFORE, this action is properly removed from Illinois state court.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Samuel S. Miller
    SAMUEL S. MILLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9083

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that he caused a copy of the following document:

**Notice of Removal**

to be served pursuant to the district court's ECF system and by hand delivery on the person(s) listed below, on February 26, 2008.

s/ Samuel S. Miller
SAMUEL S. MILLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9083

Steven B. Borkan
David Allen
Stellato & Schwartz, Ltd.
120 N. LaSalle Street, 34th Floor
Chicago, Illinois 60602
Attorneys for petitioner-defendant

Eric J. Parker
Stotis & Baird Chartered
200 W. Jackson, Suite 1050
Chicago, Illinois 60606
Attorney for plaintiff

Clerk of the Circuit Court
Lake County Courthouse
18 North County Street
Waukegan, Illinois 60085



U. S. Department of Justice

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| Samuel S. Miller<br>Assistant United States Attorney | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 886-9083*<br>*Fax: (312) 353-2067* |

February 6, 2008

*By Email*

David Allen
Stellato & Schwartz, Ltd.
dallen@stellatoschwartz.com

    Re:    *Foster v. Hill v. United States*, No. 07 C 6939 (N.D. Ill.)

Dear David:

    Per our conversation earlier today, the United States is requesting that Kirk Hill file no further petitions in Illinois state court seeking a judicial certification that he was acting as a federal employee at the time of his assault on James Foster. As we discussed, the United States is entitled to remove any such petition pursuant to 28 U.S.C. § 2679(d)(3). Moreover, Judge Der-Yeghiayan will presumably deny any such petition for the same reasons that he denied Hill's initial and renewed petitions. With this in mind, it appears that any further petitions will only lead to a recurring cycle of removals and denials by the district court. As you know, we agreed with you that the Seventh Circuit had jurisdiction over Hill's prior appeal. At this point, nevertheless, it does not make sense to go through an endless cycle of further petitions in state court which will result in nothing more than a waste of time and resources for both the courts and the parties. Please feel free to contact me if you would like to discuss this further.

                              Very truly yours,

                              PATRICK J. FITZGERALD
                            United States Attorney

                        By:  s/ Samuel S. Miller
                              SAMUEL S. MILLER
                              Assistant United States Attorney

cc:  Eric Parker, Stotis & Baird Chartered, eparker@stotis-baird.com, *by email*

EXHIBIT
1

8080        SBB:kl        02/05/08        WHITE        15689-9-73

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

JAMES HALL FOSTER, )
)
    Plaintiff, )
)
vs. ) No.: 04 L 180
)
KIRK L. HILL, )
)
    Defendant. )

### NOTICE OF MOTION

To:  Mr. Louis G. Atsaves  
Louis G. Atsaves, Ltd.  
200 W. Jackson, Suite 1050  
Chicago, IL 60606  

Mr. Eric J. Parker  
Stotis & Baird Chartered  
200 W. Jackson, Blvd., Suite 1050  
Chicago, IL 60606  

Ms. Adeline J. Geo-Karis  
Adeline J. Geo-Karis & Associates  
2803 Eshcol Avenue  
Zion, IL 60099  

On February 27, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Raymond J. McKoski or any judge sitting in his stead, in the courtroom usually occupied by him in Room C-305 of the Lake County Courthouse, 18 N. County Street, Waukegan, Illinois 60085, and shall then and there present the attached Motion to Set Briefing Schedule and Argument on Defendant's Renewed Petition to Find and Certify That He Acted Within the Scope of His Federal Employment and Substitute the United States of America as the Sole Defendant.

Name:        STELLATO & SCHWARTZ, LTD.  
Attorney for:  Defendant  
Address:     120 N. LaSalle St., 34th Floor  
City:         Chicago, IL 60602  
Telephone:   (312) 419-1011  
Atty No:     8080  

EXHIBIT 2

## PROOF OF SERVICE BY MAIL

I certify that I served this Notice by mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail Chute at 120 North LaSalle, Chicago, Illinois, on February 5, 2008, with proper postage prepaid.

Steven B. Borkan

| 8080 | SBB:eda | 02/04/08 | WHITE | 15689-9-73 |

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| JAMES HALL FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 04 L 180 |
| | ) |
| KIRK L. HILL, | ) |
| | ) |
| Defendant. | ) |

### MOTION TO SET BRIEFING SCHEDULE AND ARGUMENT ON DEFENDANT'S RENEWED PETITION TO FIND AND CERTIFY THAT HE ACTED WITHIN THE SCOPE OF HIS FEDERAL EMPLOYMENT AND SUBSTITUTE THE UNITED STATES OF AMERICA AS THE SOLE DEFENDANT

NOW COMES defendant, KIRK L. HILL by and through his attorneys, STELLATO & SCHWARTZ, LTD., and moves this Honorable Court to set a briefing schedule and schedule argument on defendant's Renewed Petition to Find and Certify That He Acted Within the Scope of His Federal Employment and Substitute the United States of America as the Sole Defendant. In support of his Motion, defendant states as follows:

1. Plaintiff JAMES HALL FOSTER's lawsuit against defendant HILL arises out of HILL's alleged attack upon FOSTER on March 5, 2002 at the Great Lakes Naval Base in Great Lakes, Illinois.

2. On March 1, 2004, plaintiff FOSTER filed a Complaint against defendant HILL in the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, alleging an unprovoked willful, malicious, and intentional assault and battery on March 5, 2002. Then, on March 2, 2005 plaintiff FOSTER filed an Amended Complaint against defendant HILL, alleging HILL's attacking him resulted from HILL's negligent failure to take medication needed to control his emotional

condition, and negligent failure to seek medical care for that condition.

3. On June 27, 2005, the United States Attorney for the Northern District of Illinois declined to certify that defendant HILL was acting within the scope of his Navy employment on March 5, 2002, during his alleged attack upon FOSTER.

4. On October 21, 2005, defendant HILL filed his Petition to Find and Certify That He was Acting Within the Scope of His Federal Employment and Substitute the United States of America as the Sole Defendant in this Court.

5. On October 26, 2005, the United States Attorney for the Northern District of Illinois removed the action to the United States District Court, Northern District of Illinois pursuant to U.S.C. § 2679(d)(3).

6. On May 17, 2006, Judge Samuel Der-Yeghiayan of the United States District Court, Northern District of Illinois entered a Memorandum Opinion denying defendant HILL's Petition, dismissing the United States as a defendant in the case, and remanding the action back to this Court.

7. On June 14, 2006, defendant HILL appealed this final judgment to the United States Court of Appeals for the Seventh Circuit.

8. On August 13, 2007, the United States Court of Appeals for the Seventh Circuit dismissed defendant HILL's appeal because the Court found that it lacked jurisdiction.

9. On December 4, 2007, defendant HILL filed his Renewed Petition to Find and Certify That He was Acting Within the Scope of His Federal Employment and Substitute the United States of America as the Sole Defendant in this Court.

10. On December 10, 2007, the United States Attorney for the Northern District of Illinois filed another Notice of Removal to the United States District Court, Northern Division.

2

11. On January 31, 2008, Judge Samuel Der-Yeghiayan of the United States District Court, Northern District of Illinois again remanded the action to this Court for lack of subject matter jurisdiction. *See* 01/31/08 Federal Court Order, attached hereto as Exhibit "A."

12. As such, defendant HILL's Renewed Petition is now properly before this Court. The federal court's remand for lack of subject matter jurisdiction removes all barriers to this Court's adjudicating HILL's Renewed Petition. Therefore, this Court should set a briefing schedule and schedule argument so as not to delay this matter any further.

WHEREFORE the defendant, KIRK L. HILL respectfully requests that this Honorable Court enter a briefing schedule and schedule argument on his Renewed Petition to Find and Certify That He Acted Within the Scope of His Federal Employment and Substitute the United States of America as the Sole Defendant.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By: *[signature]*

Steven B. Borkan

8080
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant(s)
120 North La Salle Street
34th Floor
Chicago, Illinois 60602
(312) 419-1011

3

15689-3-73
W

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6939 | DATE | 1/31/2008 |
| CASE TITLE | James Hall Foster vs. Kirk L Hill | | |

### DOCKET ENTRY TEXT

For the reasons stated below, we reaffirm our earlier decision dated 05/17/06 in case number 05 C 6175, dismiss the petition, and once again remand the action to the Circuit Court of Lake County (04 L 180). All pending dates and motions are hereby stricken as moot.

Docketing to mail notices.

■ [ For further details see text below.]

### STATEMENT

This matter is once again before the court on the removal of this action by the United States from state court. Previously, on October 26, 2005, the United States removed an action from state court involving the same parties, the same facts, and the same issues (05 C 6175). In the state court action, Defendant Kirk L. Hill ("Hill") had filed a petition requesting that the court certify that Hill was acting within the scope of his employment when he struck Plaintiff James Hall Foster ("Foster"). The Attorney General of the United States had declined to certify that Hill was acting within the scope of his employment at the time of the incident. The removal was pursuant to 28 U.S.C. § 2679 (d)(3), which states in part:

> In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3). On May 17, 2007, after we gave the parties an opportunity to brief the issues, we found that the Attorney General's finding that Hill was not acting within the scope of his employment when

07C6939 James Hall Foster vs. Kirk L Hill



Page 1 of 3

## STATEMENT

he struck Foster was correct, we dismissed his petition, and we remanded the action to state court. Hill appealed our decision to the United States Court of Appeals for the Seventh Circuit. On August 13, 2007, the Seventh Circuit dismissed the appeal and stated:

> The Westfall Act requires that if the Attorney General declines to certify that an employee was acting within the scope of employment, and if the district court agrees, then 'the action or proceeding shall be remanded to the State court.' 28 U.S.C. § 2679(d)(3). However, '[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.' 28 U.S.C. § 1447(d). Given that the Westfall Act mandates that the district court remand the case to the state courts once it agrees that the defendant was not acting within the scope of federal employment, the question before us is whether the general bar against appellate review of remand orders precludes review in this case.

*Foster v. Hill*, 497 F.3d 695, 697 (7th Cir. 2007). The Seventh Circuit also indicated that this court remanded this case to the state court as required by the Westfall Act, but that in remanding the action, we did not make any mention that the remand was because of a lack of subject matter jurisdiction. However, the Seventh Circuit construed the silence on the part of the district court, similar to the case in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007), to imply that the remand was due to lack of subject matter jurisdiction.

Once again, Hill has filed a petition asking the court to find that he was acting within the scope of employment. In the joint initial status report, the United States states that the case was once again properly removed to federal court pursuant to 28 U.S.C. § 2679(d)(3). In the joint initial status report, the United States also "seeks a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal."

Since the facts presented in this case are the same as the facts presented in the earlier removal, we need not delay the adjudication of this matter by scheduling further briefings. Subject matter jurisdiction is conferred on the courts by Congress. We reaffirm our earlier decision finding that the Attorney General's decision relating to the issue of scope of employment was sound, and that our remand of the action was mandated pursuant to 28 U.S.C. § 2679(d)(3). The underlying action in this case is a tort action between two private individuals and jurisdiction was properly in state court. The only basis of removal to this court was pursuant to 28 U.S.C. § 2679(d)(3) to determine if the United States should be substituted as a party in the

## STATEMENT

underlying action. Since removal was based upon 28 U.S.C. § 2679(d)(3), and we agreed with the Attorney General's decision, we remanded the action to the state court as mandated by the Westfall Act. In doing so, we effectively found that the United States could not be considered to be a party to the underlying action. Therefore, based upon the above, our jurisdiction to review the limited issue upon removal was pursuant to 28 U.S.C. § 2679(d)(3). Once we determined pursuant to the Westfall Act that the United States was not a party to this action, we did not have subject matter jurisdiction, without any other jurisdictional basis, over the underlying action of tort between two private individuals. Therefore, we reaffirm our earlier decision and for the same reasons stated in that decision we find that the Attorney General's decision that Hill was not acting within the scope of employment was sound. We dismiss the instant petition, and once again remand the action to state court. Based upon the foregoing, once we determined that the United States, in effect, is not a party in the underlying action, and the remand therefore is mandated pursuant to 28 U.S.C. § 2679(d)(3), which gave us jurisdiction to review this matter in the first place, without a separate basis for subject matter jurisdiction pursuant to statute or precedent decision on point, we conclude that the remand is based upon a lack of subject matter jurisdiction over the underlying action.

07C6939 James Hall Foster vs. Kirk L Hill