6193463 (SBB)
3128186 (DSA)          SBB:dsa          03/13/08          WHITE          15689F-9-73

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JAMES HALL FOSTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 08 C 1164 |
| ) | Judge Samuel Der-Yeghiayan |
| **KIRK L. HILL,** ) | Magistrate Judge Cole |
| ) | (formerly No. 04 L 180 in the Circuit |
| Defendant/Petitioner, ) | Court of Lake County, Illinois) |
| ) | |
| vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### DEFENDANT/PETITIONER KIRK L. HILL'S MOTION TO REMAND
### AND FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c)

NOW COMES Defendant/Petitioner, Kirk L. Hill, by and through his attorneys, Stellato & Schwartz, Ltd., under 28 U.S.C. § 1447(c), and moves this Court to: (1) remand this case to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois; and (2) award Hill his attorneys' fees. In support thereof, Hill states as follows:

### I.  INTRODUCTION

1.  Plaintiff James Hall Foster's lawsuit against defendant Hill arises out of Hill's encounter with Foster on March 5, 2002 at the Great Lakes Naval Base in Great Lakes, Illinois. At the time of this encounter, Hill was a federal employee, and a member of the United States Navy's Sea Air & Land ("SEAL") forces.

2.  On March 1, 2004, Foster filed a complaint against Hill in the Circuit Court of the

Nineteenth Judicial Circuit in Lake County, Illinois, alleging an unprovoked willful, malicious and intentional assault and battery on March 5, 2002.

3. On March 2, 2005, Foster filed an Amended Complaint against Hill in the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, this time only alleging that Hill's attacking him resulted from Hill's negligent failure to take medication needed to control his emotional condition, and negligent failure to seek medical care for that condition.

4. On March 22, 2005, Hill filed his answer, affirmative defenses, and jury demand in response to Foster's Amended Complaint.

## II.  SCOPE-OF-EMPLOYMENT DECISIONS UNDER THE WESTFALL ACT

5. This is the United States' third removal of this case from the Illinois state court to federal court under the Federal Employees Liability and Reform Tort Compensation Act of 1988 (the "Westfall Act"), Public Law 100-694, 28 U.S.C. § 2679(d)(3).

6. Under the Westfall Act, the Attorney General may certify that a federal employee named as a defendant in a civil lawsuit was "acting within the scope of his office or employment at the time of the incident" that serves as the basis for a tort claim against that employee. 28 U.S.C. § 2679(d)(1).[1] (The Attorney General delegated the authority to make such scope-of-employment certifications to the United States Attorneys regarding civil actions brought against federal employees in their respective districts. *See* 28 C.F.R. § 15.3(a)(1997)).

7. If the Attorney General's certification stands, the defendant federal employee is

---

[1] The Federal Employees Liability and Reform Tort Compensation Act of 1988, Public Law 100-694, is referred to as the "Westfall Act" because it overrules the United States Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), that federal employees were not immune from personal liability for actions taken in the course and scope of their employment unless their actions were discretionary.

immune from suit on claims arising from certified conduct, and the United States is substituted as the defendant with regard to those claims. 28 U.S.C. §§ 2679(b)(1), (d)(1).

8. However, if the Attorney General refuses to certify federal employees were acting within the scope of their employment, those employees may challenge the Attorney General's scope certification at "any time before trial" by filing a petition with the court where the action is pending to review that decision. 28 U.S.C. § 2679(d)(3). If the court overturns the Attorney General's "scope" decision and substitutes the United States as the defendant, the remedy against the United States is the exclusive remedy and any other action – specifically, any action against the individual employee/defendant in his individual capacity – is precluded. 28 U.S.C. § 2679(d)(1).

### III. PROCEDURAL HISTORY

9. In response to the United States Navy's request that the United States Attorney certify that Kirk Hill acted within the scope of his federal employment and that the United States be substituted as a defendant in Foster's lawsuit, on June 27, 2005, the United States Attorney for the Northern District of Illinois declined to certify that Hill acted within the scope of his federal employment.

**A.**  *The United States' First Removal To Federal Court*

10. On October 21, 2005, Hill filed a Petition in the Illinois state court, challenging the United States Attorney's "scope" decision, and requested that the state court: (1) find and certify that he acted within the scope of his federal employment as a Navy SEAL member; (2) strike the United States Attorney's scope certification decision; and (3) substitute the United States as the sole defendant.

11. On October 26, 2005, the United States removed Hill's Petition to the United States

District Court for the Northern District of Illinois, which was assigned Case Number 05 C 6175 to this Court. The United States based its Removal Petition exclusively on 28 U.S.C. § 2679(d)(3), which provides:

> (3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. .... In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3).

12. On May 19, 2006, this Court entered a Memorandum Opinion and Order denying Hill's Petition, dismissing the United States, and remanding this case back to the Illinois state court. *Foster v. Hill*, 2006 WL 1430552 (N.D. Ill. May 17, 2006).

13. On May 17, 2006, the Clerk of the United States District Court for the Northern District of Illinois issued a Certified Letter with this Court's Remand Order. However, on June 14, 2006, Hill filed a timely Notice of Appeal to the United States Court of Appeals for the Seventh Circuit.

14. On August 13, 2007, the Seventh Circuit dismissed Hill's appeal for lack of appellate jurisdiction. *Foster v. Hill*, 497 F.3d 695 (7th Cir. 2007). The Seventh Circuit recognized that "[a]t the time that this case was briefed and argued, it was assumed that courts of appeal had jurisdiction to hear appeals from denials of Westfall Act immunity." *Id*. at 697. However, the Seventh Circuit

held that the intervening decision in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007), called into question the continued validity of that "assumption." *Foster v. Hill*, 497 F.3d at 698.

15.     In dismissing Hill's appeal, the Seventh Circuit construed the intersection between the Westfall Act remand provision and the ban against appellate review of remand orders in Section 1447(d) of the federal removal statute:

> The Westfall Act requires that if the Attorney General declines to certify that an employee was acting within the scope of employment, and if the district court agrees, the "the action or proceeding shall be remanded to the State court." 28 U.S.C. § 2679(d)(3). However, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Given that the Westfall Act mandates that the district court remand the case to the state courts once it agrees that the defendant was not acting within the scope of federal employment, the question before us is whether the general bar against appellate review of remand orders precludes review in this case.

16.     The Seventh Circuit construed this Court's silence on whether the remand to the Illinois state court was for lack of subject matter jurisdiction "to imply that the court was tacitly remanding for lack of subject matter jurisdiction ...." *Foster v. Hill*, 497 F.3d at 698.

17.     Although the Seventh Circuit dismissed Hill's appeal, the court was quite clear in holding that this Court's ruling was for naught, and that the Illinois state court should initially decide Hill's Petition, without giving *res judicata* or collateral estoppel effect to that ruling:

> We are well aware of the odd procedural posture that this result will create as the case goes forward. The case will now return to state court. But because the parties have been prevented by statute from any appellate review of the district court's scope of employment decision, issue preclusion cannot be invoked in the state court on the question of whether Hill was acting within the scope of his employment when he attacked Foster. *See Kircher v. Putnam Funds Trust*, ___ U.S. ___, 126 S.Ct. 2145, 2156-57, 165 L.Ed.2d 92 (2006)("[W]hat a state court could do in the first place it may also do on remand .... Collateral estoppel should be no bar to such a revisitation of the ... issue, given that § 1447(d) prevents the funds from appealing the District Court's decision."); see also RESTATEMENT (SECOND) OF JUDGMENTS § 28(1)(2007)("[R]elitigation of the issue in a subsequent action between the parties

is not precluded [when t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.") As we recently reminded the defendant in *Daniels*, any argument that might have been made on appeal in this court can now be made in the state court on remand. *Daniels*, 484 F.3d at 888.

The nearly two years that this case has been pending in various federal courts are, in many meaningful aspects, a nullity. Congress has precluded this court from considering any appeal of a remand based on lack of subject matter jurisdiction. Our circuit precedent in Daniels establishes that when the Attorney General declines to certify that actions were within the scope of federal employment and the district court remands the case without clarifying the grounds for the remand, then the remand must be presumed by this court to be based on lack of subject matter jurisdiction. The case now returns to the Illinois courts where the state judge is not precluded from re-considering whether Hill's actions were within the scope of his employment. Of course, if the state court disagrees with the district court's findings, the United States will be substituted (again) and the United States can invoke removal to the federal courts (again). This, of course, seems odd.

In the interim, a federal employee will now resume defending litigation even though there is a chance that the Westfall Act purports to grant him immunity from suit. If we were permitted to consider that claim of immunity, the question could be settled once and for all. But whether this defendant should be immune from suit is a question that Congress and our circuit precedent prevent us from even considering. Meanwhile, the plaintiff has waited five years for a legal remedy, which today is no closer than it was in 2005 when the case was first removed to the district court. As a recent concurring opinion in the Supreme Court lamented in a slightly different context, "the structure and wording of § 1447(d)(2000 ed.) leave us no other choice. There is no latitude for us to reach a different result. If it is true that the statute as written and the judgment we issue today are inconsistent with the intent and purpose Congress wanted to express, then the immediate jeopardy [to a claim of immunity] should justify urgent legislative action to enact the necessary statutory revisions." *Powerex* [*Corp. v. Raliant Energy Servs., Inc.*, ___ U.S. ___], 127 S.Ct. [2411] at 2421 (Kennedy, J., concurring)[(2007)].

18.     The United States did not seek either a rehearing with the Seventh Circuit, or a

rehearing *en banc*.

19.     On October 5, 2007, the Seventh Circuit issued its mandate to this Court.

20.     On November 15, 2007, 2007, this Court issued the following order in response to

Hill's Motion for Remand Order, thus re-investing the Illinois state court with subject matter jurisdiction to hear and decide this case:

> Defendant's motion for remand order to the Circuit Court ... is withdrawn by agreement. Petitioner/defendant's oral request for clarification is granted. On 5/17/2006 this Court remanded this action back to the Circuit Court of Lake County, Nineteenth Judicial Circuit. The appeal in this matter was dismissed on 10/5/2007; therefore, the original order of 5/17/2006 is still in effect.

21.   While the case was pending before this Court on remand from the Seventh Circuit, the United States did not seek clarification from this Court regarding whether he originally intended to remand to the Illinois state court on the basis of lack of subject matter jurisdiction.

**B.**   *The United States' Second Removal To Federal Court*

22.   On December 4, 2007, Hill filed his Renewed Petition in the Illinois state court to Find and Certify That He Was Acting Within the Scope of His Federal Employment and Substitute the United States as the Sole Defendant in the Illinois state court.

23.   On December 10, 2007, the United States Attorney for the Northern filed another Notice of Removal to the United States District Court for the Northern District of Illinois, which was docketed as Case No. 07 C 6939, and assigned to this Court.

24.   On January 31, 2008, this Court *sua sponte* issued an Order, which ***expressly*** held that the basis of his original remand order was lack of subject matter jurisdiction, and accordingly remanded this case to the Illinois state court.

**C.**   *The United States' Third Removal To Federal Court*

25.   Following remand from the federal court, on February 5, 2007, Hill filed a Motion to Set a Briefing Schedule on His Motion to Find and Certify that he acted within the scope of his federal employment, which was scheduled for February 27, 2008.

26.     Although the Seventh Circuit *assumed* that this Court's original remand was based on lack of subject matter jurisdiction, and held that this Court's original decision was for naught and had no preclusive effect on remand on the Illinois state court, and then this Court *expressly* held that his remand to the Illinois state court was based on lack of subject matter jurisdiction, on February 6, 2008, the United States Attorney wrote a letter to Hill's attorney, requesting that Hill cease any further attempt to accomplish what the Seventh Circuit directed – that the Illinois state court adjudicate Hill's Petition. The United States Attorney threatened that the United States would remove all future attempts by Hill to have the Illinois state court rule on his Petition:

> Per our conversation earlier today, the United States is requesting that Kirk Hill file no further petitions in Illinois state court seeking a judicial certification that he was acting as a federal employee at the time of his assault on James Foster. As we discussed, the United States is entitled to remove any such petition pursuant to 28 U.S.C. § 2679(d)(3). Moreover, Judge Der-Yeghiayan will presumably deny any such petitions for the same reasons that he denied Hill's initial and renewed petitions. With this in mind, it appears that any further attempts by Hill would only lead to a recurring cycle of removals and denials by the district court.

The United States attached a copy of this letter as Exhibit 1 to its Removal Petition before this Court.

25.     As threatened, on February 26, 2008, the United States Attorney filed a Removal Petition, which was assigned to Judge Norgle, and has been reassigned to this Court.

### IV.     ARGUMENT

**A.     The Law-Of-The Case Doctrine Requires This Court To Allow The State Court To Adjudicate Hill's Petition In Accordance With The Seventh Circuit's Directive.**

26.     The law-of-the-case doctrine requires this Court to remand this case to the Illinois state court for it to resolve Hill's Petition. Although the United States apparently "believes that [it] can remove the case as many times ... as [it] wants, until [it] finally finds a judge who will agree with [it]," the law-of-the-case doctrine bars such removals. *Midlock v. Apple Vacations West, Inc.*, 406

F.3d 453, 457 (7th Cir. 2005).

27.     When the United States removed Hill's Petition the first time, the Seventh Circuit *assumed* that the remand order was based on lack of subject matter jurisdiction. *Foster v. Hill*, 497 F.3d at 698. The United States did not seek rehearing or rehearing *en banc*. Nor did the United States seek clarification or reconsideration from this Court for the basis of his remand order when the case returned from the Seventh Circuit.

28.     When the United States removed Hill's Petition the second time, this Court *expressly* held that his remand was based on lack of subject matter jurisdiction.

29.     Nothing has changed since the Seventh Circuit *assumed* – and then this Court *expressly* held – that remand was based on lack of subject matter jurisdiction. Yet, the United States insists that it has an unfettered right to remove this case to federal court, *ad infinitum*, *ad nauseum,* until it finds a federal district court judge to rule in its favor.

30.     The United States is wrong. Although Section 1447(d) does not preclude successive removals, under the law-of-the case doctrine, re-removal is only permissible if intervening events justify revisiting the initial remand. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005). As the Seventh Circuit observed in *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999), "multiple removals could encounter problems – could even lead to sanctions – if nothing of significance changes between the first and second tries." Accordingly, this Court should immediately remand this case back to the Illinois state court, so that court can adjudicate Hill's Petition.

**B.     This Court Should Award Hill His Attorneys' Fees Resulting From the United States' Improper Third Removal.**

31.    This Court should award Hill his attorneys' fees incurred in forcing him to remand this case to the Illinois state court, to allow that court to comply with the Seventh Circuit' mandate. Under the federal removal statute, a remand order "may require payment of just costs and any actual expenses, including attorney fees ...." 28 U.S.C. § 1447(c).

32.    "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objective basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A party lacks such an "objective basis for seeking removal" if "clearly established law demonstrated that he had no basis for removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

33.    Here, the United States lacks an objective basis for removing this case for the third time, and for threatening Hill that it will persist in thwarting his every effort to have the Illinois state court resolve his Petition, which is exactly what the Seventh Circuit directed should be the result in this case. The Seventh Circuit was quite clear that "The case will now return to state court," and that "issue preclusion cannot be invoked in the state court on the question of whether Hill was acting within the scope of his employment when he attacked Foster." If it was not clear from that statement that the Seventh Circuit expected the Illinois court to resolve Hill's Petition in the first instance, the Seventh Circuit continued, "The case now returns to the Illinois courts where the state judge is not precluded from re-considering whether Hill's actions were within the scope of his employment." *Id*. at 699. The Seventh Circuit anticipated that the Illinois court would first rule on Hill's Petition, and

that the United States would be allowed to remove to federal court if – and ***only if*** – the Illinois court held that Hill acted within the scope of his federal employment. *Id*. at 699 ("Of course, if the state court disagrees with the district court's findings, the United States will be substituted (again) and the United States can invoke removal to the federal courts (again).")

34. The United States did not seek rehearing in the Seventh Circuit, or rehearing *en banc*. On remand from the Seventh Circuit, the United States did not seek clarification from this Court regarding whether the basis of his remand was for lack of subject matter jurisdiction. Instead, the United States allowed the case to return to state court, and when Hill attempted to have that court resolve his Petition, the United States removed Hill's Petition again. Although this Court in the second removal made explicit what the Seventh Circuit assumed the first time – that the basis for remand was lack of subject matter jurisdiction – the United States persists in removing Hill's Petition to federal court, and threatens to continue this vicious cycle every time Hill attempts to have the Illinois court resolve this case, even though nothing has changed in the interim, legally or factually. The United States does not – and cannot – explain how such removal can be reconciled with the well-established law-of-the-case doctrine. *See Midlock v. Apple Vacations West, Inc.*, 406 F.3d at 457. This Court should remand this case to Illinois court, and award Hill his attorney's fees incurred in having to response to this removal.

WHEREFORE, Defendant/Petitioner Kirk L. Hill respectfully requests this Court to enter an order: (1) remanding this case to the Illinois court; and (2) awarding him his attorney's fees.

        Respectfully submitted,

        STELLATO & SCHWARTZ, LTD.


        By:  s/David S. Allen
             David S. Allen

6193463 (SBB)
3128186 (DSA)
Steven B. Borkan
David S. Allen
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/Petitioner Kirk L. Hill
120 N. La Salle Street, 34th Floor
Chicago, Illinois  60602
(312) 419-1011