UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HALL FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Der-Yeghiayan |
| ) | |
| KIRK L. HILL, ) | No. 08 C 1164 |
| ) | |
| Defendant-Petitioner, ) | (formerly No. 04 L 180 in the Circuit |
| ) | Court of Lake County, Illinois) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES' RESPONSE TO HILL'S
MOTION TO REMAND AND FOR ATTORNEY FEES**

Defendant-petitioner Kirk Hill has filed a series of petitions in Illinois state court seeking a judicial determination that he was acting within the scope of his federal employment at the time of his assault on plaintiff James Foster and further requesting the substitution of the United States for him as the sole defendant. For the reasons explained below, Hill's third and most recent attempt to obtain a federal scope-of-employment certification should be denied on the merits once again, the United States should be dismissed from this action again, and this time Hill should be barred from filing any further pointless scope petitions in state court. This action should also be remanded to state court pursuant to 28 U.S.C. § 2679(d)(3) and *not* for lack of subject matter jurisdiction, in accordance with Seventh Circuit caselaw addressing remands that follow an adjudication on the merits.

In his own motion, Hill seeks a remand of this action (and fees) without an adjudication by this court on the merits of his third scope petition. Because doing so would contradict the plain

language of § 2679(d)(3), would be inconsistent with the law-of-the-case doctrine, and would result in even more wasted time and resources for both the courts and the parties, Hill's motion should be denied.

## Background

### I.    Hill's First Scope Petition

This action arises out of an assault by Hill against Foster occurring at the Naval Training Center in Great Lakes, Illinois. Hill is a former member of the SEa Air Land (SEAL) forces operated by the United States Navy.

On October 21, 2005, Hill filed a petition in Illinois state court seeking a judicial determination that he was acting within the scope of his federal employment at the time of his assault on Foster, and further requesting that the United States be substituted for him as the sole defendant. In response, the United States removed this action to federal court pursuant to 28 U.S.C. § 2679(d)(3), the parties conducted discovery limited to the scope of Hill's federal employment, and after full briefing, this court ultimately issued a memorandum opinion dated May 17, 2006. Ex. A. In its May 2006 opinion, the court adjudicated Hill's request for a federal scope-of-employment certification on the merits and expressly found that Hill was not acting within the scope of his federal employment at the time of his assault on Foster. *Id*. The court also effectuated its decision by denying Hill's petition for a scope-of-employment certification, dismissing the United States, and then remanding the *remainder* of this action to state court, as is required by § 2679(d)(3). *Id.*

### II.    The Appeal

Following the court's first remand of this action, Hill appealed to the Seventh Circuit and the parties completed an appellate briefing schedule as well as oral argument. At that time, none of the parties contended that the Seventh Circuit lacked jurisdiction, and there was no discussion of this issue at oral argument. On August 13, 2007, the Seventh Circuit dismissed Hill's appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d) and its recent decision in *Daniels v. Liberty Mut. Ins.*

*Co.*, 484 F.3d 884 (7th Cir. 2007). Ex. B. In dismissing Hill's appeal, the Seventh Circuit recognized that "[a]t the time that this case was briefed and argued, it was assumed that courts of appeal had jurisdiction to hear appeals from denials of Westfall Act immunity." *Id.* at 697. However, the Seventh Circuit then went on to conclude that *Daniels* was an "intervening circuit precedent" that required a different outcome. *Id.* In reaching this conclusion, the Seventh Circuit first explained that § 1447(d) bars appellate review of a remand only if the remand was based on a defect in the removal procedure or lack of subject matter jurisdiction. *Id.* at 698; *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976). The Seventh Circuit then determined that under the reasoning of *Daniels*, a remand which is silent as to its basis — *i.e.*, a remand that does not specify whether it is based on a defect in the removal procedure, a lack of subject matter jurisdiction, or some other ground falling outside of § 1447(d) — must be construed as a remand for lack of subject matter jurisdiction. Ex. B at 698. Applying those two principles to Hill's appeal, the Seventh Circuit noted that this court's remand of the present case was silent as to its basis, just like the remand in *Daniels*, and therefore must be construed as a remand for lack of subject matter jurisdiction which was excluded from appellate review by § 1447(d). *Id.*

After completing its discussion of the jurisdictional issue that fully disposed of Hill's appeal (and without the benefit of *any* briefing regarding what might follow), the Seventh Circuit noted in *dicta* that this case would be returning to state court and that issue preclusion would not prevent the state court from addressing the scope of Hill's employment. The Seventh Circuit further noted that if the state court disagreed with this court's findings that Hill was acting outside the scope of his federal employment, the United States would be substituted again[1] and the United States could invoke removal to the federal courts again. In making these comments, the Seventh Circuit did not

---

[1] It is unclear what the Seventh Circuit meant when it referred to the United States being substituted "again" because the United States was never substituted in the first place.

3

discuss what might occur if the United States chose to remove a subsequent petition by Hill. Nor did it address what might occur in federal court following a state court substitution of the United States. As explained below, a state court substitution of the United States could be removed to federal court, but this would cause even more problems in this case due to the derivative jurisdiction doctrine, the law-of-the-case doctrine and the plain language of § 2679(d)(3) which expressly authorizes the United States to have federal scope-of-employment petitions adjudicated in federal court (as was done in this case twice already). These issues are discussed in greater detail below. Notably, however, none of these issues were ever presented to or addressed by the Seventh Circuit in its opinion because its dismissal of Hill's appeal for lack of jurisdiction was *sua sponte*.

### III.     Hill's Second Scope Petition

On December 3, 2007, following the first remand, Hill filed a renewed petition in Illinois state court again seeking a judicial certification that he was acting within the scope of his federal employment at the time of the assault, and again requesting that the United States be substituted for him as the sole defendant. In response, the United States removed this action a second time pursuant to § 2679(d)(3), and it was reassigned to Judge Der-Yeghiayan. On January 24, 2008, the parties submitted a two joint status reports regarding jurisdiction and the initial status of the case. Exs. C, D. In the joint jurisdictional report, the parties agreed that Hill's renewed petition was properly removed by the United States, and that the court had federal question subject matter jurisdiction pursuant to § 2679(d)(3). Ex. C at 2. In the joint initial status report, the United States stated that it anticipated seeking a denial of Hill's renewed petition that would allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal. Ex. D ¶ 10. The United States also requested that the court set a briefing schedule for the parties to address this issue. *Id.*

On January 31, 2008, the parties arrived at court to present the two status reports filed a week before. At that time, the court's clerk advised that no appearance would be necessary and

provided the parties with a minute order issued by the court. In its January 2008 minute order, this court reaffirmed its earlier determination that Hill was not acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit. Ex. E. Accordingly, the court denied Hill's renewed petition, dismissed the United States from this action and remanded the remainder of this action to Illinois state court for a second time. *Id.* With respect to jurisdiction, the court observed that § 2679(d)(3) provided it with jurisdiction to review the limited issue of Hill's request for a federal scope-of-employment certification. *Id.* The court further explained that once it had adjudicated this issue on the merits and determined that the United States should not be substituted in as the defendant, all that remained was a tort action between two private individuals. *Id.* Because a separate basis for jurisdiction no longer existed, the court concluded that its second remand of this action was "based upon a lack of subject matter jurisdiction over the underlying action." *Id.* at 3.

### IV.    Hill's Third Scope Petition

On February 25, 2008, following the second remand, Hill served the United States by email with a motion filed in Illinois state court seeking a briefing schedule and argument on Hill's renewed petition for a federal scope-of-employment certification. Because Hill's motion was effectively a *third* attempt to obtain a federal scope-of-employment certification, the United States removed this action for a third time. As the United States did with its second removal, the United States filed a civil cover sheet with its third removal specifying that this case was the refiling of a previously dismissed case by Judge Der-Yeghiayan. This time, however, the case was assigned to Judge Norgle, apparently due to an oversight by the clerk's office.

On March 10, 2008, Hill filed his motion to remand and for attorney fees while this case was still mistakenly assigned to Judge Norgle. In his motion, Hill attempted to suggest that the parties had been directed by both Judge Der-Yeghiayan and the Seventh Circuit to litigate the scope of Hill's employment in state court. Hill also argued that the United States' third removal of this action was

an improper effort to obtain a new judge, and that the law-of-the-case doctrine barred this alleged forum shopping. Curiously, Hill himself did not move for reassignment of this case to Judge Der-Yeghiayan notwithstanding his allegation of forum shopping.[2]

On March 13, 2008, the United Sates moved for, and the court granted, reassignment of this case to Judge Der-Yeghiayan, and the Executive Committee confirmed the reassignment four days later. Contrary to Hill's allegations, the United States has never made any effort to have this case assigned to another judge. Indeed, this baseless accusation by Hill is illogical on its face given that the court has twice ruled in favor of the United States and denied both of Hill's prior petitions for a federal scope-of-employment certification.

On March 20, 2008, Hill re-filed his motion to remand and for attorney fees. As before, Hill's motion asserts that the parties have somehow been directed to litigate the scope of Hill's employment in state court, and that the United States' third removal of this action was improper under the law-of-the-case doctrine. Based on these claims, Hill seeks attorney fees and a remand of this action to state court without an adjudication by this court of his third petition for a federal scope-of-employment certification. Hill Br. ¶ 30.

**Argument**

Hill's third and most recent attempt to obtain a federal scope-of-employment certification should be denied on the merits once again, the United States should be dismissed from this action again, and Hill should be barred from filing any further scope petitions in state court. This action should also be remanded to state court pursuant to 28 U.S.C. § 2679(d)(3) and *not* for lack of subject

---

[2] Also odd, Hill's motion failed to acknowledge that the civil cover sheet filed by the United States with its third removal expressly stated that this case was the refiling of a case previously dismissed by Judge Der-Yeghiayan. Three months earlier, Hill's counsel had asked the undersigned counsel for the United States why the United States' second removal was reassigned to Judge Der-Yeghiayan. In response, counsel explained that Local Rules 40.3(b)(2) and (b)(3) required as much, and that the civil cover sheet filed by the United States had identified this matter as a case previously dismissed by Judge Der-Yeghiayan.

matter jurisdiction. Such a remand would accord with Seventh Circuit caselaw addressing remands that follow an adjudication on the merits, and would make federal appellate review a possibility. Although Hill seeks a remand as well, he is requesting one without an adjudication on the merits of his scope petition by this court. Because doing so would contradict the plain language of § 2679(d)(3), would be inconsistent with the law-of-the-case doctrine, and would result in even more wasted time and resources for both the courts and the parties, Hill's motion should be denied.

I.      **Adjudication on the Merits**

As this court has done twice before, it should adjudicate on the merits Hill's third attempt to obtain a federal scope-of-employment certification. Although Hill's most recent motion in state court was styled as a motion for a briefing schedule and argument on Hill's renewed petition, it was effectively a third petition for a federal scope-of-employment certification. This court has jurisdiction over Hill's third petition pursuant to § 2679(d)(3), and the facts regarding the scope of Hill's federal employment have not changed. Accordingly, this court should deny Hill's third petition for a federal scope-of-employment certification and again dismiss the United States from the action.

II.     **Remand Pursuant to § 2679(d)(3) and *Not* for Lack of Subject Matter Jurisdiction**

There is a fundamental difference between a remand that occurs because a district court *does not* have jurisdiction over the subject matter at issue and a remand that occurs because a district court *does* have jurisdiction over the subject matter at issue, adjudicates that issue on the merits, and then bows out of the case because its work is done. While appellate review is barred in the first instance by § 1447(d), it is not barred in the later situation. *Kircher v. Putnam Funds Trust*, 373 F.3d 847, 850 (7th Cir. 2004), *reversed on other grounds*, 547 U.S. 633 (2006). As explained by the Seventh Circuit in *Kircher*,

> We must distinguish between a decision that "this court lacks adjudicatory competence" and a decision that "the court has been authorized to do X and having done so should bow out." The former

7

> implies lack of subject-matter jurisdiction, as [*Kontrick v. Ryan,* 540 U.S. 443 (2004)] and [*Scarborough v. Principi,* 541 U.S. 401 (2004)] explain; the latter implies the presence of jurisdiction. A good example of the second category is a suit under federal law with a state-law claim supported by the supplemental jurisdiction. 28 U.S.C. § 1367. District courts should relinquish supplemental jurisdiction under certain circumstances, remanding to state court if the suit originated there. 28 U.S.C. §§ 1367(c), 1441(c). We know from [*Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988)] that § 1447(d) does not foreclose review of such a remand. In both *Carnegie-Mellon* and [*Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996)] the district judge found the removal proper but concluded that the state court should handle some issues. In *Carnegie-Mellon* the remand reflected limits to the supplemental jurisdiction, and in *Quackenbush* the district judge concluded that abstention was appropriate so that the state judiciary could resolve points of state law. In both cases the Supreme Court reviewed the decision on the merits, treating a remand as unaffected by § 1447(d) when the propriety of the removal was not in doubt.

*Id* at 850; *see also In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (1992) ("[W]e understand *Carnegie-Mellon* to permit [appellate] review when the district court believes that removal was proper and that later developments authorize remand.").

Like the present case, the Seventh Circuit recognized in *Kircher* that subject matter jurisdiction might be said to "evaporate[]" once the court has completed its adjudication of a particular issue that it has jurisdiction over. *Kircher*, 373 F.3d at 850. But even when this occurs, the Seventh Circuit made clear that a subsequent remand is not for lack of subject matter jurisdiction. *Id.* "Once a court does all that the statute authorizes, there is no adjudicatory competence to do more. That is not the 'lack of subject-matter jurisdiction' that authorizes a remand. Otherwise every federal suit, having been decided on the merits, would be dismissed for lack of jurisdiction' because the court's job was finished." *Id.*

Applying *Kircher* here, the court has jurisdiction over and should adjudicate Hill's third attempt to obtain a federal scope-of-employment certification pursuant to § 2679(d)(3). Once this is complete, the court's work will be done and this case should be remanded to state court, but the

8

remand should be solely pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction. *Kircher*, 373 F.3d at 850. When the Seventh Circuit dismissed Hill's prior appeal, it did so because it concluded that a remand order which was silent as to its basis must be construed as a remand for lack of subject matter jurisdiction following the *Daniels* decision. Ex. B at 698. This does not preclude the court from now applying *Kircher* to the present circumstance because, by its own terms, the Seventh Circuit's dismissal of Hill's prior appeal was based on an interpretive rule for remand orders that are *silent* as to their basis, not the substance of whether this action must be remanded for lack of subject matter jurisdiction. Of course, neither this court nor the parties knew about this interpretive rule beforehand, as the Seventh Circuit itself acknowledged. *Id.* at 697. Now that the Seventh Circuit has established this new interpretive rule, it is perfectly appropriate for the court to determine that this action should not be remanded for lack of subject matter jurisdiction under *Kircher*, thus enabling possible federal appellate review.

In *Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828 (7th Cir. 2003), the Seventh Circuit observed that § 1447(d) does bar appellate review if a "later development" in a removed case demonstrates the impropriety of removal in the first place. *Id.* at 832-34. Here, however, the court's determination that Hill was not acting within the scope of his employment is an adjudication on the merits and not simply a new development that demonstrates the impropriety of removal in the first place. Accordingly, this action should be remanded solely pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction. As noted above, *Kircher* was reversed on other grounds by the Supreme Court. Specifically, the Supreme Court reversed because it found that the *Kircher* remand was not in fact an adjudication on the merits and was really a subject matter determination. *Kircher*, 547 U.S. at 642-44. This does not undermine in any way the crucial distinction drawn by *Kircher* and other cases between remands where the district court lacks adjudicatory competence in the first instance and those where the court has jurisdiction over a particular issue, adjudicates that issue on the merits, and then bows out of the case because its work is done. *Kircher*, 373 F.3d at 850; *Adkins*,

326 F.3d at 832-34; *Amoco Petroleum*, 964 F.2d at 708. Because this court's evaluation of Hill's request for a federal scope-of-employment certification is unequivocally an adjudication on the merits, this action should be remanded pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction.

### III.   Barring Hill from Filing Any Further Scope Petitions in State Court

If this court determines that this action should be remanded pursuant to § 2679(d)(3) and not for lack of subject matter jurisdiction, a federal appeal by Hill would not be precluded by § 1447(d), and Hill should be barred from filing any further scope petitions in state court. In normal circumstances, such an order might not be necessary. In this case, however, the court has already determined on two prior occasions that Hill is not entitled to a scope-of-employment certification, and Hill has responded both times by filing yet another scope petition in state court. Because a continuance of this pattern will result in nothing more than a waste of time and resources for both the courts and the parties, and because § 1447(d) will not bar an appeal following a remand that is not for lack of subject matter jurisdiction, Hill should be barred from filing any further scope petitions in state court. Once this court has entered an appealable order, it may enjoin repetitive litigation in state court in order to protect or effectuate its decision in accordance with both the All Writs Act, 28 U.S.C. § 1651, and the re-litigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *See, e.g., In the Matter of Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763 (7th Cir. 2003); *Glenayre Electronics, Inc. v. Jackson*, 2007 WL 2492105 (N.D. Ill. 2007); *In re Ocean Ranger Sinking off Newfoundland on February 15, 1982*, 617 F. Supp. 435 (E.D. La. 1985).

### IV.   Hill's Motion to Remand and for Attorney Fees

In his motion to remand and for attorney fees, Hill suggests that the parties have been directed by both Judge Der-Yeghiayan and the Seventh Circuit to litigate the scope of Hill's employment in state court. Hill also argues that the United States' third removal of this action was

10

an improper effort to obtain a new judge, and that the law-of-the-case doctrine bars this alleged forum shopping. Hill is wrong on all counts.

Contrary to Hill's claims, this court has never "directed" the parties to litigate the scope of Hill's employment in state court. In fact, the court has done just the opposite by twice adjudicating Hill's original and renewed petitions on the merits and finding both times that Hill was not acting within the scope of his federal employment. When the Seventh Circuit dismissed Hill's appeal pursuant to § 1447(d), it noted that this case would be returning to state court and that issue preclusion would not prevent the state court from addressing the scope of Hill's employment. These comments by the Seventh Circuit were pure *dicta*, not a directive to litigate the scope of Hill's employment in state court, because they were not essential the Seventh Circuit's determination that it lacked jurisdiction. *Wilder v. Apfel*, 153 F.3d 799, 803-04 (7th Cir. 1998) (statements not essential to court's holding are *dicta*); *see also United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) (describing *dicta* as statements in a judicial opinion that could be deleted without seriously impairing the analytical foundations of the holding, and that being peripheral, may not have received the full and careful consideration of the court that uttered it). Such *dicta* is hardly surprising since the Seventh Circuit never heard from the parties on this issue that was decided *sua sponte*.

Equally important, even if the Seventh Circuit's comments about the return of this case to state court were not *dicta*, they were premised upon the Seventh Circuit's conclusion that a remand order which is silent as to its basis should be construed as a remand for lack of subject matter jurisdiction. For the reasons explained above, however, this action should remanded pursuant to § 2679(d)(3) and not for lack of subject matter jurisdiction, such that an appeal by Hill will not be barred by § 1447(d) and issue preclusion *will* prevent the state court from addressing the scope of Hill's employment. In these circumstances, the Seventh Circuit's statements about the return of this case to state court are no longer applicable and certainly do not require the parties to litigate the scope of Hill's employment in state court.

Hill's motion to remand this action without an adjudication on the merits of his third scope petition should also be denied because doing so would contradict the plain language of § 2679(d)(3) which expressly authorizes the United States to remove federal scope-of-employment petitions and have them decided in federal rather than state court. In addition, Hill's goal of obtaining a state court substitution of the United States can only lead to more wasted time and resources for both the courts and the parties. If a state court substitution of the United States occurred, this would cause the state court to lose jurisdiction, because federal courts have exclusive jurisdiction over a Federal Tort Claims Act claim against the United States. 28 U.S.C. § 1346(b)(1). If the state court lost jurisdiction and this case were then removed pursuant to 28 U.S.C. § 1442 (which allows the United States to remove an action against it in state court), the derivative jurisdiction doctrine might be a bar to federal jurisdiction. *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (if state court lacks jurisdiction over action removed to federal court under § 1442, federal court also lacks jurisdiction because federal court jurisdiction is derivative of state court's jurisdiction). More importantly, even if the derivative jurisdiction doctrine were not an issue, this case would be reassigned to Judge Der-Yeghiayan as a refiling of a previously removed and previously dismissed case. *See* Local Rules 40.3(b)(2) and (3). In turn, the law-of-the-case doctrine would require, absent extraordinary circumstances, that this court reinstate its earlier determination that Hill was not entitled to federal scope-of-employment certification, and then remand this action again pursuant to § 2679(d)(3). *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (absent extraordinary circumstances, law-of-the-case doctrine requires that decision of first court to address issue should be respected). Application of the law-of-the-case doctrine would be particularly appropriate in this circumstance given that § 2679(d)(3) expressly authorizes the United States to have scope petitions decided in federal rather than state court. In the end, however, this would put the parties right back where they started following the court's first remand in May 2006.

Hill perversely contends that his third scope petition should be litigated in state court under the law-of-the-case doctrine. This makes no sense because the law-of-the-case doctrine gives priority to the first court to decide an issue in a particular case, and this court was the first one to adjudicate and twice deny Hill's first two requests for a federal scope-of-employment certification. *Christianson*, 486 U.S. at 817. Hill's claim that his third scope petition should now be litigated in state court is precisely the opposite of what the law-of-the-case doctrine would favor. Hill argues that the law-of-the-case doctrine bars the United States' present removal because the United States is allegedly forum shopping for a judge that will agree with it. Putting aside the fact that this allegation is baseless to begin with, it too makes no sense because it is Hill, not the United States, that is seeking a second (or third) opinion (from the state court) regarding the scope of his federal employment.

Hill argues wrongly that the law-of-the-case doctrine bars the United States' current removal of this action because there have been no intervening events. This argument fails because Hill's second and third petitions in state court for a scope of federal employment certification are intervening events. In addition, Hill's current position — that the scope of his federal employment should be litigated in state court — has never been the law of this case in the first place. Neither of this court's two prior remands required the parties to litigate the scope of Hill's employment in state court. In fact, they did just the opposite because they adjudicated this issue on the merits. Likewise, the Seventh Circuit's comments about the return of this case to state court are not the law of this case, simply because they are *dicta*. *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 289 n. 4 (7th Cir. 1998) (*dicta* is not the law of the case). In addition, even if the Seventh Circuit's comments were not *dicta*, they did not address what might occur if the United States chose under the statute to remove a subsequent petition, and they certainly did not prohibit the United States from doing so. Nor do the Seventh Circuit's comments even apply to a remand that is not for lack of subject matter jurisdiction. On top of all this, Hill himself agreed that the United States' second

13

removal of this action was proper. Ex. C at 2. Accordingly, Hill has waived any argument that the Seventh Circuit's earlier decision somehow barred the United States from removing Hill's subsequent petitions and/or required the parties to litigate the scope of Hill's employment in state court only.

Hill also suggests that the United States should have requested a rehearing *en banc* after the Seventh Circuit dismissed his appeal and/or sought clarification from this court regarding the basis for its remand orders. Once again, this turns the litigation process on its head. It was Hill who lost both times when this court denied his original and renewed scope petitions and it was Hill who lost again when the Seventh Circuit dismissed his appeal for lack of jurisdiction. If Hill wished to continue litigating the scope of his federal employment, it was he who could have and should have pursued further litigation in federal court. Over the past six months, the United States has asked Hill to refrain from filing successive petitions in state court and explained why doing so would only lead to a waste of time and resources for both the courts and the parties. Hill's decision to do so anyway (rather than pursuing further litigation in federal court) does not somehow make it the United States' obligation to *challenge* a district court decision and appeal that it *won*.

In addition to seeking a remand of his scope petition to state court, Hill claims that he is entitled to attorney fees pursuant to 28 U.S.C. § 1447(c). According to Hill, the United States lacked an objective basis for the present removal under the law-of-the-case doctrine. For all of the reasons discussed above, the law-of-the-case doctrine supports the United States' removal of this action and refutes Hill's position. Accordingly, Hill's request for fees should be denied.

## Conclusion

For the foregoing reasons, Hill's third attempt to obtain a federal scope-of-employment certification should be denied, the United States should be dismissed from this action, and Hill should be barred from filing any further scope petitions in state court. This action should also be

remanded to state court pursuant to 28 U.S.C. § 2679(d)(3) and *not* for lack of subject matter jurisdiction, and Hill's motion to remand and for attorney fees should be denied.

          Respectfully submitted,

          PATRICK J. FITZGERALD
          United States Attorney

          By: s/ Samuel S. Miller
              SAMUEL S. MILLER
              Assistant United States Attorney
              219 South Dearborn Street
              Chicago, Illinois 60604
              (312) 886-9083
              samuel.s.miller@usdoj.gov