Slip Copy                                                                                                          Page 1
Slip Copy, 2006 WL 1430552 (N.D.Ill.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Foster v. Hill
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
James Hall FOSTER, Plaintiff,
v.
Kirk L. HILL, Defendant.
**No. 05 C 6175.**

May 17, 2006.

Eric J. Parker, Michael S. Baird, Stotis & Baird, Chicago, IL, for Plaintiff.
David S. Allen, Ross E. Noble, Steven Blair Borkan, Stellato & Schwartz, Chicago, IL, for
Defendant.

*MEMORANDUM OPINION*

DERYEGHIAYAN, J.
**\*1** This matter is before the court on Petitioner Kirk L. Hill's ("Hill") petition "to find and cer-
tify that he was acting within the scope of his federal employment and substitute the United
States of America as the sole defendant."("Petition") (Pet.1). For the reasons stated below, we
deny the Petition.


BACKGROUND

Hill contends that he was a member of a United States Navy Sea Air Land ("Seal") team from
1998 through 2003. Hill contends that in 1993, his unit was deployed to Somalia and that he
also served in other locations overseas. Hill claims that in September 2000, he was transferred
to the Naval Personnel Command in Millington, Tennessee. According to Hill, in July 2001,
he began having delusions about possible spies that were infiltrating Seal teams and, because
of those delusions, he was sent to the Great Lakes Naval Hospital ("Hospital") for evaluation.
James Hall Foster ("Foster") was a civilian employee for the Navy Drug Screening Laboratory
at the Hospital, and also worked out at the Hospital gym ("Gym"). Hill alleges that on March
5, 2002, he saw Foster at the Gym and Hill thought that Foster was a Somali warlord who was
there to kill him. Hill contends that, believing that he could act according to the rules of en-
gagement with an enemy, he took a weight bar from a weightlifting machine and, without pro-
vocation, struck Foster with the bar. Hill filed a complaint in state court and the case was re-
moved to the federal court. Hill is now before this court requesting that the court certify pur-
suant to 28 U.S.C. § 2679(d)(3) that Hill was acting within the scope of his employment when
he struck Foster.



EXHIBIT
A

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEGAL STANDARD

Pursuant to 28 U.S.C. § 2679(d)(3):
In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant....

28 U.S.C. § 2679(d)(3). To determine whether a federal employee was acting within the scope of his employment, the court must consider the common law of the state in which the alleged acts occurred. *Snodgrass v. Jones,* 957 F.2d 482, 485 (7th Cir.1992). Under Illinois law, an employee's conduct is within the scope of his employment if: 1) "it is of the kind he is employed to perform," 2) "it occurs substantially within the authorized time and space limit," 3) "it is actuated, at least in part, by a purpose to serve the master," and 4) "force is intentionally used by the servant against another [and] the use of force is not unexpectable by the master." *Copeland v. County of Macon, Ill.,* 403 F.3d 929, 932 (7th Cir.2005)(citing *Pyne v. Witmer,* 129 Ill.2d 351, 135 Ill.Dec. 557, 543 N.E.2d 1304, 1308 (Ill.1989)); *Taboas v. Mlynczak,* 149 F.3d 576, 582 (7th Cir.1998)(citing *Pyne,* 135 Ill.Dec. 557, 543 N.E.2d at 1308).

DISCUSSION

**\*2** As an initial matter, we note that the parties agree that the United States Attorney General refused to certify that Hill was acting within the scope of his employment when he struck Foster. In addition, the United States concedes that Hill was acting out of a desire to serve the United States when he struck Foster.

*I. Type of Work Hill Was Employed to Perform*

The United States argues that at the time of the incident, Hill was temporarily assigned to assist the Physical Readiness Coordinator ("Coordinator") at the Hospital and that Hill was not told that he could engage in combat-type missions at the Hospital. The evidence shows that Hill's duties involved leading exercises and stretching for overweight sailors. (Hill Dep. 42-43). Hill argues that the United States government "trained Hill to instinctively be a Seal at all times...." (Reply 10). We disagree. It has been shown that Hill was trained to follow orders and that he was given different orders for different scenarios. (Hill Dep. 17, 19). For instance, Hill testified at his deposition that he was trained how to act under rules of engagement when in combat and that he was also trained how to act under a different set of rules when engaging in a training mission. (Hill Dep. 29).

On the date that Foster was struck by Hill, Hill was under orders to assist the Coordinator at the Hospital. There has been no showing that Hill was authorized to use the rules of engagement that he used in Somalia during his assignment at the Hospital. (Hill.Dep.42-45). The fact that Hill used the rules of engagement at the Hospital Gym merely indicates his mental delu-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 1430552 (N.D.Ill.)
**(Cite as: Slip Copy)**

sions and does not show that the United States government authorized him to use the rules of engagement at this time. There has been no showing that there was a particular security threat at the Hospital and the United States government could not reasonably have anticipated that Hill was going to use the rules of engagement for combat at the Gym. Hill testified that he was authorized to use force against an enemy combatant, but there is no evidence that would suggest that the United States government, in assigning Hill to work at the Hospital, anticipated that he would encounter an enemy combatant or authorized the use of the rules of engagement for combat in regard to any individual at the Hospital. (Hill Dep. 41). Therefore, Hill has not shown that he was engaging in the type of work that he was employed to do at the Hospital at the time of the incident.

## II. Whether Conduct was Substantially Within Authorized Time and Space Limits

Hill argues that he, as a Seal, was trained to act according to his instincts in dealing with enemy combatants, regardless of where such enemies were found. However, Hill testified at his deposition that he was trained to follow orders. (Hill Dep. 17, 19, 29). When Hill was on a combat mission he was instructed to act in his Seal capacity and was allowed to consider certain factors and use his instincts. (Hill.Dep.19). However, the evidence shows that Hill's conduct at the Hospital was not during a time period when he was authorized to act as a Seal or within the geographic area in which he was authorized to act as a Seal. In addition, the evidence shows that even at the Hospital on March 5, 2002, Hill was not scheduled to begin work until 1:00 p.m., and that he struck Foster at approximately 12:30 p.m., before he began work. (Shepherd Statement 1); (Runnels Statement 1)(Investigative Service Report 1)(Ex. 3 Cal.). The evidence further shows that Hill was at the Hospital Gym before his scheduled work and was lifting weights and playing basketball, which are recreational activities. Therefore, Hill has not shown that his conduct was substantially within the authorized time and space limits of his employment when he struck Foster.

## III. Expectation of Use of Force

**\*3** Hill argues that he was trained to act as a Seal in order to "kill enemy combatants." (Reply 14). However, as is indicated above, Hill was also trained to follow orders. There has been no showing by Hill that he was authorized or expected to use force while on a temporary assignment at the Hospital, or that the United States government would have reasonably expected Hill to use force in order to perform his job as an assistant to the Coordinator at the Hospital. Therefore, based on all of the above, we deny Hill's Petition.

## CONCLUSION

Based on the foregoing analysis, we deny Hill's Petition. We also dismiss the United States as a Defendant in this case and remand this action back to the Illinois state court.

N.D.Ill.,2006.
Foster v. Hill

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                    Page 4
Slip Copy, 2006 WL 1430552 (N.D.Ill.)
**(Cite as: Slip Copy)**

Slip Copy, 2006 WL 1430552 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:05cv06175 (Docket) (Oct. 26, 2005)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

497 F.3d 695                                                                                                      Page 1
497 F.3d 695
**(Cite as: 497 F.3d 695)**

**H**
Briefs and Other Related Documents
Foster v. Hill
C.A.7 (Ill.),2007.

United States Court of Appeals,Seventh Circuit.
James H. FOSTER, Plaintiff-Appellee,
v.
Kirk L. HILL, Defendant/Petitioner-Appellant,
v.
United States of America, Respondent-Appellee.
**No. 06-2651.**

Argued Feb. 12, 2007.
Decided Aug. 13, 2007.

**Background:** In tort action brought under Illinois law against Navy enlisted man, defendant petitioned in state court to have the United States substituted as defendant pursuant to the Westfall Act. Following removal, the United States District Court for the Northern District of Illinois, Samuel Der-Yeghiayan, J., dismissed the petition and remanded to state court. Defendant appealed.

**Holding:** The Court of Appeals, Kanne, Circuit Judge, held that order remanding case to state court from which it had been removed was not reviewable.

Dismissed.

West Headnotes

**[1] Federal Courts 170B ⟨⟩30**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk29 Objections to Jurisdiction, Determination and Waiver
            170Bk30 k. Power and Duty of Court. Most Cited Cases
It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.

**[2] Removal of Cases 334 ⟨⟩107(9)**

334 Removal of Cases
   334VII Remand or Dismissal of Case
      334k107 Proceedings for Remand and Review Thereof
         334k107(9) k. Review. Most Cited Cases



EXHIBIT

B

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Statute governing appeals from remand orders pursuant to the Westfall Act applies only to the reasons for remand enumerated in the statute. 28 U.S.C.A. § 1447(c, d).

**[3] Removal of Cases 334 ⟜107(9)**

334 Removal of Cases
   334VII Remand or Dismissal of Case
      334k107 Proceedings for Remand and Review Thereof
         334k107(9) k. Review. Most Cited Cases

Where there is no hint of a defect in the removal procedures, the order remanding the case to state court is immunized from review only if it was based on a lack of subject-matter jurisdiction. 28 U.S.C.A. § 1447(c).

**[4] Removal of Cases 334 ⟜107(9)**

334 Removal of Cases
   334VII Remand or Dismissal of Case
      334k107 Proceedings for Remand and Review Thereof
         334k107(9) k. Review. Most Cited Cases

Order remanding tort case under Illinois law to state court from which it had been removed, on basis of district court's ruling, that defendant, a U.S. Navy enlisted man, was not acting within the scope of his employment duties when he assaulted the plaintiff, as would warrant removal pursuant to the Westfall Act, was not reviewable where Attorney General had declined to make scope-of-federal employment certification. 28 U.S.C.A. §§ 1447(d), 2679(d).

**[5] Removal of Cases 334 ⟜107(9)**

334 Removal of Cases
   334VII Remand or Dismissal of Case
      334k107 Proceedings for Remand and Review Thereof
         334k107(9) k. Review. Most Cited Cases

Court of Appeals lacked authority to address underlying substantive issue of whether federal-employee certification under Westfall Act was properly denied, where district court's non-certification decision was part of non-reviewable order remanding case to state court. 28 U.S.C.A. §§ 1447(d), 2679(d).

**\*696** Eric J. Parker, Stotis & Baird, Chicago, IL, for Plaintiff-Appellee.

David S. Allen (argued), Esther J. Schwartz, Stellato & Schwartz, Chicago, IL, for Defendant/Petitioner-Appellant.

Thomas P. Walsh, Samuel S. Miller (argued), Office of the United States Attorney, Chicago, IL, for Respondent-Appellee.

Before KANNE, ROVNER, and SYKES, Circuit Judges.

KANNE, Circuit Judge.
Kirk Hill appeals a decision from the district court denying his petition to substitute the United States as a defendant in his place under the Westfall Act, 28 U.S.C. § 2679. Because

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

we find that we lack jurisdiction, the appeal is dismissed.

## I. BACKGROUND

On March 5, 2002, while working out in the fitness center at Naval Training Center Great Lakes in North Chicago, Chief Hospital Corpsman Kirk Hill took a metal weight bar, approached a stranger (plaintiff James Foster), and beat him severely. He then replaced the weight bar and walked out of the fitness center. He was arrested that evening in his home. Foster brought suit in tort against Hill in Illinois state court.

Hill filed a petition in the state court seeking to have the United States substituted in his place under the Westfall Act,[FN1] 28 U.S.C. § 2679(d)(3), on the grounds that he was acting within the scope of his federal employment when he attacked Foster. The Westfall Act provides that when federal employees are sued in tort for actions that the Attorney General determines were within the course and scope of their employment, the suit is deemed to be against the United States and the United States "shall be substituted" as the party defendant. 28 U.S.C. § 2679(d)(1). If the Attorney General declines to certify that the actions were within the scope of the employment, the defendant may petition the trial court to make such a finding. 28 U.S.C. § 2679(d)(3). If the United States is substituted as the defendant, the remedy against the United States is the exclusive remedy and any other action (specifically, any action against the defendant in his or her individual capacity) is precluded. 28 U.S.C. § 2679(b)(1).

> FN1. Actually, the "Federal Employees Liability Reform and Tort Compensation Act of 1988," although for obvious reasons this cumbersome name has been replaced by the shorthand of "Westfall Act" because the legislation was passed with the express purpose of overturning the result of *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988).*See Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 425-26, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).

The United States removed the petition to the federal courts as is permitted under 28 U.S.C. § 2679(d)(3). The district court found that Hill was not acting within his employment duties, dismissed the petition, and remanded the case to the state court for further proceedings. *Foster v. Hill,* No. 05 C 6175, 2006 WL 1430552 (N.D.Ill. May 17, 2006). Hill appeals. Because our recent circuit precedent has established that we lack subject matter jurisdiction over appeals such as this, we must dismiss the appeal.

## II. ANALYSIS

[1] It is the responsibility of a court to make an independent evaluation of whether**\*697** subject matter jurisdiction exists in every case. *Smith v. Am. Gen. Life & Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir.2003). At the time that this case was briefed and argued, it was assumed that courts of appeal had jurisdiction to hear appeals from denials of Westfall Act immunity. *See, e.g., Woodruff v. Covington,* 389 F.3d 1117, 1124 (10th Cir.2004); *Taboas v. Mlynczak,* 149 F.3d 576, 579 (7th Cir.1998). But an intervening circuit precedent requires a different outcome.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Westfall Act requires that if the Attorney General declines to certify that an employee was acting within the scope of employment, and if the district court agrees, then "the action or proceeding shall be remanded to the State court." 28 U.S.C. § 2679(d)(3). However, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Given that the Westfall Act mandates that the district court remand the case to the state courts once it agrees that the defendant was not acting within the scope of federal employment, the question before us is whether the general bar against appellate review of remand orders precludes review in this case.

[2][3] It is settled law that § 1447(d) applies only to the reasons for remand that are enumerated in 28 U.S.C. § 1447(c). *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 711-12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."); *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) ( "[Section] 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)."); *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d).") The reasons for remand that are enumerated in § 1447(c) include defects in removal procedure and lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the Supreme Court recently reiterated that where, as here, there is no hint of a defect in the removal procedures, then "the remand is immunized from review only if it was based on a lack of subject-matter jurisdiction." *Powerex Corp. v. Reliant Energy Servs., Inc.,* ---U.S. ----, 127 S.Ct. 2411, 2416, 168 L.Ed.2d 112 (2007).

If the Attorney General had certified that the acts were within the scope of Hill's employment and the district court had disagreed with that conclusion, we would have jurisdiction. *See Osborn v. Haley,* --- U.S. ----, 127 S.Ct. 881, 892, 166 L.Ed.2d 819 (2007). If the district court had held that Hill's actions were within the scope of his employment (regardless of whether the Attorney General agreed or disagreed) then we would not have jurisdiction to hear an appeal of that determination: it would not be a final order and therefore not subject to interlocutory appeal. *See, e.g., Theis v. Smith,* 827 F.2d 260 (7th Cir.1987). And if the district court had explicitly based its remand decision on a lack of subject matter jurisdiction, even if incorrect, the decision would be immune from review as long as the jurisdictional decision was "colorable." *Powerex,* 127 S.Ct. at 2418. This case represents the final possibility, one which we admit provides little case law that is directly on point. The district court denied Hill immunity, and in most cases the denial of immunity is subject to immediate appellate review. *Osborn,* 127 S.Ct. at 892-93. But the district court, as required by the Act, remanded the case to the state **\*698** courts so that the litigation could proceed, but did not make any mention of a lack of subject matter jurisdiction.

This court recently had the opportunity to consider a strikingly similar case. *Daniels v. Liberty Mut. Ins. Co.,* 484 F.3d 884 (7th Cir.2007). In *Daniels,* the Attorney General declined to certify that the acts of the defendant were within the scope of federal employment, and the district court agreed. *Id.* at 886-87. We dismissed the appeal for lack of jurisdiction in light of 28 U.S.C. § 1447(d). *Id.* at 888. In *Daniels,* as in this case, the district judge made no mention of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(Cite as: 497 F.3d 695)**

§ 1447(c) to justify the decision to remand the case to the state courts, and did not specify whether the remand was based on a lack of subject matter jurisdiction, a defect in removal, or some other ground not listed in § 1447(c). *Foster v. Hill,* No. 05 C 6175, 2006 WL 1430552 (N.D.Ill. May 17, 2006); *Daniels v. Liberty Mut. Ins. Co.,* No. 06 CV 213, 2006 WL 2644949 (N.D.Ind. Sep. 14, 2006).

In dismissing the appeal in *Daniels,* we likewise did not specify whether our invocation of § 1447(d) was because the remand was for a lack of subject matter jurisdiction or for a defect in the removal process. As we noted above, repeated decisions by the Supreme Court in *Thermtron, Things Remembered, Quackenbush* and this term's *Powerex* decision have reiterated that these are the only two permissible grounds for invoking § 1447(d)'s ban on appellate review. But we did note in *Daniels* that "[t]he Attorney General ... removed the proceeding to federal court, as 28 U.S.C. § 2679(d)(3) permits, so that a federal judge could decide whether this decision is sound." *Daniels,* 484 F.3d at 886. This acknowledgment that removal was proper, combined with the limitations on § 1447(d), allows us only one conclusion: that the result in *Daniels* was premised on the conclusion that the district court's remand order was based on a lack of subject matter jurisdiction, despite the fact that the district court itself never stated such a conclusion.

[4] Although this case is distinct from *Daniels* in the underlying facts of the tort action, the jurisdictional question is identical. In both cases, the Attorney General declined to certify that the defendant's actions were within the scope of his employment. In both cases the district court agreed. In both cases, the district court entered a remand order that did not cite to § 1447(c) as the grounds for remanding the decision, and was silent as to whether the remand was based on a lack of subject matter jurisdiction. Given that we construed such silence on the part of the district court in *Daniels* to imply that the court was tacitly remanding for lack of subject matter jurisdiction, a contrary result here would be inconsistent.

We are well aware of the odd procedural posture that this result will create as the case goes forward. The case will now return to state court. But because the parties have been prevented by statute from any appellate review of the district court's scope of employment decision, issue preclusion cannot be invoked in the state court on the question of whether Hill was acting within the scope of his employment when he attacked Foster. *See Kircher v. Putnam Funds Trust,* --- U.S. ----, 126 S.Ct. 2145, 2156-57, 165 L.Ed.2d 92 (2006) ( "[W]hat a state court could do in the first place it may also do on remand.... Collateral estoppel should be no bar to such a revisitation of the ... issue, given that § 1447(d) prevents the funds from appealing the District Court's decision."); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 28(1) (2007) ( "[R]elitigation of the issue in a subsequent action between the parties is not precluded [when t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the **\*699** judgment in the initial action."). As we recently reminded the defendant in *Daniels,* any argument that might have been made on appeal in this court can now be made in the state court on remand. *Daniels,* 484 F.3d at 888.

The nearly two years that this case has been pending in various federal courts are, in many meaningful aspects, a nullity. Congress has precluded this court from considering any appeal of a remand based on lack of subject matter jurisdiction. Our circuit precedent in *Daniels* es-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tablishes that when the Attorney General declines to certify that actions were within the scope of federal employment and the district court remands the case without clarifying the grounds for the remand, then the remand must be presumed by this court to be based on lack of subject matter jurisdiction. The case now returns to the Illinois courts where the state judge is not precluded from re-considering whether Hill's actions were within the scope of his employment. Of course, if the state court disagrees with the district court's findings, the United States will be substituted (again) and the United States can invoke removal to the federal courts (again). This, of course, seems odd.

[5] In the interim, a federal employee will now resume defending litigation even though there is a chance that the Westfall Act purports to grant him immunity from suit. If we were permitted to consider that claim of immunity, the question could be settled once and for all. But whether this defendant should be immune from suit is a question that Congress and our circuit precedent prevent us from even considering. Meanwhile, the plaintiff has waited five years for a legal remedy, which today is no closer than it was in 2005 when the case was first removed to the district court. As a recent concurring opinion in the Supreme Court lamented in a slightly different context, "the structure and wording of § 1447(d) (2000 ed.) leave us no other choice. There is no latitude for us to reach a different result. If it is true that the statute as written and the judgment we issue today are inconsistent with the intent and purpose Congress wanted to express, then the immediate jeopardy [to a claim of immunity] should justify urgent legislative action to enact the necessary statutory revisions." *Powerex,* 127 S.Ct. at 2421 (Kennedy, J., concurring).

### III. CONCLUSION

Accordingly, the appeal is DISMISSED.

C.A.7 (Ill.),2007.
Foster v. Hill
497 F.3d 695

Briefs and Other Related Documents (Back to top)

• 2006 WL 3224006 (Appellate Brief) Reply Brief of Defendant-Appellant Kirk L. Hill (Oct. 31, 2006)
• 2006 WL 3014379 (Appellate Brief) Brief of the United States (Oct. 10, 2006)
• 2006 WL 2703700 (Appellate Brief) Brief of Defendant-Appellant Kirk L. Hill (Sep. 7, 2006)
• 06-2651 (Docket) (Jun. 15, 2006)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HALL FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| KIRK L. HILL, | ) | No. 07 C 6939 |
| | ) | |
| Defendant-Petitioner, | ) | (formerly No. 04 L 180 in the Circuit |
| | ) | Court of Lake County, Illinois) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### JOINT JURISDICTIONAL STATUS REPORT

Defendant/Petitioner, Kirk L. Hill, by and through his attorneys, Stellato & Schwartz, plaintiff James Foster, by and through his attorneys, Stotis & Baird Chartered, and Respondent, the United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, submit the following Joint Jurisdictional Report, following the parties' Rule 26(f) conference held on January 22, 2008.

**I.    Subject Matter Jurisdiction**

This action arises out of an assault by defendant-petitioner Hill against plaintiff Foster occurring at the Naval Training Center in Great Lakes, Illinois. Hill is a former member of the SEa Air Land (SEAL) forces operated by the United States Navy.

On October 21, 2005, Hill filed a petition in Illinois state court seeking a judicial determination that he was acting within the scope of his Navy employment at the time of his alleged assault on Foster, and further requesting that the United States be substituted for him as the sole

**EXHIBIT**

**C**

defendant.  In response, the United States removed this action to federal court, the parties conducted

discovery limited to the scope of Hill's federal employment, and this court ultimately issued a

memorandum opinion denying Hill's petition on May 17, 2006.  In its opinion, this court found that

Hill was not acting within the scope of his federal employment at the time of the incident giving rise

to this lawsuit, dismissed the United States and remanded this action back to Illinois state court in

accordance with 28 U.S.C. § 2679(d)(3).

On August 13, 2007, the Seventh Circuit dismissed Hill's appeal of this court's decision

denying his petition.  The Seventh Circuit found that it lacked jurisdiction over Hill's appeal due to

its recent and intervening holding in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007).

None of the parties sought a rehearing of the Seventh Circuit's dismissal.

On December 3, 2007, Hill filed a renewed petition in Illinois state court again seeking a

scope of federal employment certification, which the United States removed on December 10, 2007.

The  parties agree that Hill's renewed petition was properly removed by the United States, and that

the court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 2679(d)(3).  Section

2679(d)(3) provides in pertinent part:

> (3) In the event that the Attorney General has refused to certify scope
> of office or employment under this section, the employee may at any
> time before trial petition the court to find and certify that the
> employee was acting within the scope of his office or employment.
> Upon such certification by the court, such action or proceeding shall
> be deemed to be an action or proceeding brought against the United
> States under the provisions of this title and all references thereto, and
> the United States shall be substituted as the party defendant. . . .  In
> the event the petition is filed in a civil action or proceeding pending
> in a State court, the action or proceeding may be removed without
> bond by the Attorney General to the district court of the United States
> for the district and division embracing the place in which it is
> pending.  If, in considering the petition, the district court determines

2

that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3).

## II.    <u>Venue (Petitioner's Position)</u>

Under § 2679(d)(3), if a motion to challenge a scope-of-employment decision is filed in state court, the United States may remove the motion to the district court and division "embracing the place in which it is pending."  Because the underlying litigation was pending in the Circuit Court of Lake County, Illinois, the United States properly removed the motion to this court.

3

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.


By:    s/ David S. Allen
       David S. Allen

STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/petitioner KIRK L. HILL
120 N. La Salle Street
34th Floor
Chicago, Illinois  60602
(312) 419-1011

STOTIS & BAIRD CHARTERED


By:    s/ Eric J. Parker
       Eric J. Parker


STOTIS & BAIRD CHARTERED
Attorneys for Plaintiff JAMES FOSTER
200 West Jackson Boulevard
Suite 1050
Chicago, Illinois  60606
(312) 461-1000

PATRICK J. FITZGERALD
United States Attorney


By:    s/ Samuel S. Miller
       Samuel S. Miller

Attorneys for Respondent UNITED STATES OF AMERICA
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-9083

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HALL FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| KIRK L. HILL, | ) | |
| | ) | No. 07 C 6939 |
| Defendant-Petitioner, | ) | |
| | ) | (formerly No. 04 L 180 in the Circuit |
| v. | ) | Court of Lake County, Illinois) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**JOINT INITIAL STATUS REPORT**

Defendant/Petitioner, Kirk L. Hill, by and through his attorneys, Stellato & Schwartz,

plaintiff James Foster, by and through his attorneys, Stotis & Baird Chartered, and Respondent, the

United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District

of Illinois, submit the following Joint Status Report, following the parties' Rule 26(f) conference

held on January 22, 2008.

1.      **Basis for federal jurisdiction.**

        28 U.S.C. § 2679(d)(3).

2.      **Nature of claims and counterclaims.**

        This action arises out of an assault by defendant-petitioner Hill against plaintiff Foster

occurring at the Naval Training Center in Great Lakes, Illinois.  Hill is a former member of the SEa

Air Land (SEAL) forces operated by the United States Navy.

**EXHIBIT**

**D**

On October 21, 2005, Hill filed a petition in Illinois state court seeking a judicial determination that he was acting within the scope of his Navy employment at the time of his alleged assault on Foster, and further requesting that the United States be substituted for him as the sole defendant. In response, the United States removed this action to federal court, the parties conducted discovery limited to the scope of Hill's federal employment, and this court ultimately issued a memorandum opinion denying Hill's petition on May 17, 2006. In its opinion, this court found that Hill was not acting within the scope of his federal employment at the time of the incident giving rise to this lawsuit, dismissed the United States and remanded this action back to Illinois state court in accordance with 28 U.S.C. § 2679(d)(3).

On August 13, 2007, the Seventh Circuit dismissed Hill's appeal of this court's decision denying his petition. The Seventh Circuit found that it lacked jurisdiction over Hill's appeal due to its recent and intervening holding in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007). None of the parties sought a rehearing of the Seventh Circuit's dismissal.

On December 3, 2007, Hill filed a renewed petition in Illinois state court again seeking a scope of federal employment certification, which the United States removed on December 10, 2007. The United States does not expect to file any counterclaim against Hill or Foster, but does anticipate seeking a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal.

**3.**     **Relief sought by petitioner.**

Defendant/petitioner Hill seeks to have this Court: (1) certify that he was acting within the scope of his federal employment as a United States Navy SEAL member; (2) strike the scope

certification issued by the United States Attorney for the Northern District of Illinois; and (3) substitute the United States of America as the sole defendant in this action.

4.     <u>Names of parties not served</u>.

    None.

5.     <u>Principal legal issues.</u>

    How can the court rule on Hill's renewed petition such that Hill can take a proper appeal to the Seventh Circuit and avoid the jurisdictional problems of Hill's prior appeal.

    Hill contends that there is also a legal issue as to whether he was acting within the scope of his federal employment as a United States Navy SEAL when he struck plaintiff Foster in the gym of the Great Lakes Naval base.

6.     <u>Principal factual issues</u>.

    None.

7.     <u>List of pending motions and brief summary of bases for motions.</u>

    The only pending motion is Hill's renewed petition seeking a scope of federal employment certification. The basis of that motion is Hill's affidavit, deposition and the Navy's NCIS investigation.

8.     <u>Description of discovery requested and exchanged.</u>

    The parties completed discovery regarding the scope of Hill's federal employment during the prior removal of this action.

9.     <u>Type of discovery needed.</u>

    None.

10.     **Agreed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order.**

Due to the prior removal of this action, the parties agree that no dates are necessary for Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion, or a final pretrial order. As set forth above, the United States seeks a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal. Accordingly, the United States requests that the court set a schedule for the parties to brief this issue.

11.     **Estimation of when the case will be ready for trial.**

Due to the prior removal of this action, the parties agree that there is no need for an evidentiary hearing or trial.

12.     **Probable length of trial.**

Not applicable.

13.     **Whether a request has been made for a jury trial.**

Not applicable.

14.     **Whether there have been settlement discussions and if so the outcome of those discussions.**

There were settlement discussions during the prior appeal of this case, but the parties were unable to reach a compromise.

15.     **Whether the parties consent to proceed before a Magistrate Judge.**

There is not unanimous consent to proceed before a magistrate judge at this time.

4

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By:     s/ David S. Allen
        David S. Allen

STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/petitioner KIRK L. HILL
120 N. La Salle Street
34th Floor
Chicago, Illinois  60602
(312) 419-1011

STOTIS & BAIRD CHARTERED

By:     s/ Eric J. Parker
        Eric J. Parker

STOTIS & BAIRD CHARTERED
Attorneys for Plaintiff JAMES FOSTER
200 West Jackson Boulevard
Suite 1050
Chicago, Illinois  60606
(312) 461-1000

PATRICK J. FITZGERALD
United States Attorney

By:     s/ Samuel S. Miller
        Samuel S. Miller

Attorneys for Respondent UNITED STATES OF AMERICA
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-9083

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6939 | **DATE** | 1/31/2008 |
| **CASE TITLE** | James Hall Foster vs. Kirk L Hill | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, we reaffirm our earlier decision dated 05/17/06 in case number 05 C 6175, dismiss the petition, and once again remand the action to the Circuit Court of Lake County (04 L 180). All pending dates and motions are hereby stricken as moot.

■ [ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

This matter is once again before the court on the removal of this action by the United States from state court. Previously, on October 26, 2005, the United States removed an action from state court involving the same parties, the same facts, and the same issues (05 C 6175). In the state court action, Defendant Kirk L. Hill ("Hill") had filed a petition requesting that the court certify that Hill was acting within the scope of his employment when he struck Plaintiff James Hall Foster ("Foster"). The Attorney General of the United States had declined to certify that Hill was acting within the scope of his employment at the time of the incident. The removal was pursuant to 28 U.S.C. § 2679 (d)(3), which states in part:

> In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3). On May 17, 2007, after we gave the parties an opportunity to brief the issues, we found that the Attorney General's finding that Hill was not acting within the scope of his employment when

07C6939 James Hall Foster vs. Kirk L Hill

**EXHIBIT**

**E**

Page 1 of 3

## STATEMENT

he struck Foster was correct, we dismissed his petition, and we remanded the action to state court. Hill appealed our decision to the United States Court of Appeals for the Seventh Circuit. On August 13, 2007, the Seventh Circuit dismissed the appeal and stated:

> The Westfall Act requires that if the Attorney General declines to certify that an employee was acting within the scope of employment, and if the district court agrees, then 'the action or proceeding shall be remanded to the State court.' 28 U.S.C. § 2679(d)(3). However, '[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.' 28 U.S.C. § 1447(d). Given that the Westfall Act mandates that the district court remand the case to the state courts once it agrees that the defendant was not acting within the scope of federal employment, the question before us is whether the general bar against appellate review of remand orders precludes review in this case.

*Foster v. Hill*, 497 F.3d 695, 697 (7th Cir. 2007). The Seventh Circuit also indicated that this court remanded this case to the state court as required by the Westfall Act, but that in remanding the action, we did not make any mention that the remand was because of a lack of subject matter jurisdiction. However, the Seventh Circuit construed the silence on the part of the district court, similar to the case in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007), to imply that the remand was due to lack of subject matter jurisdiction.

Once again, Hill has filed a petition asking the court to find that he was acting within the scope of employment. In the joint initial status report, the United States states that the case was once again properly removed to federal court pursuant to 28 U.S.C. § 2679(d)(3). In the joint initial status report, the United States also "seeks a denial of Hill's renewed petition that will allow the Seventh Circuit to take proper jurisdiction over an appeal by Hill and avoid the jurisdictional problems of Hill's prior appeal."

Since the facts presented in this case are the same as the facts presented in the earlier removal, we need not delay the adjudication of this matter by scheduling further briefings. Subject matter jurisdiction is conferred on the courts by Congress. We reaffirm our earlier decision finding that the Attorney General's decision relating to the issue of scope of employment was sound, and that our remand of the action was mandated pursuant to 28 U.S.C. § 2679(d)(3). The underlying action in this case is a tort action between two private individuals and jurisdiction was properly in state court. The only basis of removal to this court was pursuant to 28 U.S.C. § 2679(d)(3) to determine if the United States should be substituted as a party in the

## STATEMENT

underlying action. Since removal was based upon 28 U.S.C. § 2679(d)(3), and we agreed with the Attorney General's decision, we remanded the action to the state court as mandated by the Westfall Act. In doing so, we effectively found that the United States could not be considered to be a party to the underlying action. Therefore, based upon the above, our jurisdiction to review the limited issue upon removal was pursuant to 28 U.S.C. § 2679(d)(3). Once we determined pursuant to the Westfall Act that the United States was not a party to this action, we did not have subject matter jurisdiction, without any other jurisdictional basis, over the underlying action of tort between two private individuals. Therefore, we reaffirm our earlier decision and for the same reasons stated in that decision we find that the Attorney General's decision that Hill was not acting within the scope of employment was sound. We dismiss the instant petition, and once again remand the action to state court. Based upon the foregoing, once we determined that the United States, in effect, is not a party in the underlying action, and the remand therefore is mandated pursuant to 28 U.S.C. § 2679(d)(3), which gave us jurisdiction to review this matter in the first place, without a separate basis for subject matter jurisdiction pursuant to statute or precedent decision on point, we conclude that the remand is based upon a lack of subject matter jurisdiction over the underlying action.