6193463 (SBB)
3128186 (DSA)          SBB:dsa          04/11/08          WHITE          15689F-9-73

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HALL FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 08 C 1164 |
| ) | Judge Samuel Der-Yeghiayan[1] |
| KIRK L. HILL, ) | Magistrate Judge Cole |
| ) | (formerly No. 04 L 180 in the Circuit |
| Defendant/Petitioner, ) | Court of Lake County, Illinois) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**DEFENDANT/PETITIONER KIRK L. HILL'S REPLY IN SUPPORT OF HIS MOTION TO REMAND AND FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(c)**

The United States' insistence that this Court ruled "on the merits" of Cmdr. Kirk Hill's first two scope-of-employment Petitions is difficult to reconcile with the Seventh Circuit's and this Court's opinions. In the government's first removal from the Illinois state court (Case No. 05 C 6175), on May 19, 2006, this Court entered a Memorandum Opinion and Order denying Hill's Petition, dismissing the United States, and remanding this case back to the Illinois state court. *Foster v. Hill*, 2006 WL 1430552 (N.D. Ill. May 17, 2006). Because the remand order was silent

---

[1] Although the United States accuses Hill of the "baseless accusation" that the government engaged in "forum shopping," the United States did not (and was not required to) serve its Civil Cover Sheet upon counsel for Hill. Thus, Hill's counsel was unaware that the United States sought to have this case assigned to this Court, rather than randomly assigned.

about whether the remand was for lack of subject matter jurisdiction, or based on 28 U.S.C. § 2679(d)(3), the Seventh Circuit equated that silence "to imply that the court was tacitly remanding for lack of subject matter jurisdiction ...." *Foster v. Hill*, 497 F.3d 695, 698 (7th Cir. 2007). In the government's second removal (Case No. 07 C 6939), on January 31, 2008, this Court *sua sponte* issued an Order, which again remanded this case to the Illinois state court, "based upon a lack of subject matter jurisdiction over the underlying action."

Although the Seventh Circuit dismissed Hill's appeal, the court was quite clear in holding that this Court's first ruling was for naught, and that the Illinois state court should initially decide Hill's Petition, without giving *res judicata* or collateral estoppel effect to that ruling:

> We are well aware of the odd procedural posture that this result will create as the case goes forward. The case will now return to state court. But because the parties have been prevented by statute from any appellate review of the district court's scope of employment decision, issue preclusion cannot be invoked in the state court on the question of whether Hill was acting within the scope of his employment when he attacked Foster. *See Kircher v. Putnam Funds Trust*, [547] U.S.[633, 646-47], 126 S.Ct. 2145, 2156-57,165 L.Ed.2d 92 (2006)("[W]hat a state court could do in the first place it may also do on remand .... Collateral estoppel should be no bar to such a revisitation of the ... issue, given that § 1447(d) prevents the funds from appealing the District Court's decision."); see also RESTATEMENT (SECOND) OF JUDGMENTS § 28(1)(2007)("[R]elitigation of the issue in a subsequent action between the parties is not precluded [when t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.") As we recently reminded the defendant in *Daniels*, any argument that might have been made on appeal in this court can now be made in the state court on remand. *Daniels*, 484 F.3d at 888.
>
> The nearly two years that this case has been pending in various federal courts are, in many meaningful aspects, a nullity. Congress has precluded this court from considering any appeal of a remand based on lack of subject matter jurisdiction. Our circuit precedent in *Daniels* establishes that when the Attorney General declines to certify that actions were within the scope of federal employment and the district court remands the case without clarifying the grounds for the remand, then the remand must be presumed by this court to be based on lack of subject matter jurisdiction. The case now returns to the Illinois courts where the state judge is not precluded from

re-considering whether Hill's actions were within the scope of his employment. Of course, if the state court disagrees with the district court's findings, the United States will be substituted (again) and the United States can invoke removal to the federal courts (again). This, of course, seems odd.

In the interim, a federal employee will now resume defending litigation even though there is a chance that the Westfall Act purports to grant him immunity from suit. If we were permitted to consider that claim of immunity, the question could be settled once and for all. But whether this defendant should be immune from suit is a question that Congress and our circuit precedent prevent us from even considering. Meanwhile, the plaintiff has waited five years for a legal remedy, which today is no closer than it was in 2005 when the case was first removed to the district court. As a recent concurring opinion in the Supreme Court lamented in a slightly different context, "the structure and wording of § 1447(d)(2000 ed.) leave us no other choice. There is no latitude for us to reach a different result. If it is true that the statute as written and the judgment we issue today are inconsistent with the intent and purpose Congress wanted to express, then the immediate jeopardy [to a claim of immunity] should justify urgent legislative action to enact the necessary statutory revisions." *Powerex* [*Corp. v. Raliant Energy Servs., Inc.*, ___ U.S. ___], 127 S.Ct. [2411] at 2421 (Kennedy, J., concurring)[(2007)].

Although the government now characterizes the Seventh Circuit's entire discussion as "dictum," if anything, it was "judicial dictum," rather than "obiter dictum," and thus entitled to "great weight." *Cerro Metal Products v. Marshall*, 620 F.2d 964, 978 n. 39 (3rd Cir. 1980)("Judicial dicta are conclusions that have been briefed, argued, and given full consideration even though admittedly unnecessary to decision. A judicial dictum may have great weight.") Certainly, the government does not characterize the United States Supreme Court's decision in *Kircher v. Putnam Funds Trust*, 547 U.S.633, 646-47 (2006) – which held that upon remand to state court, the federal court's unreviewable order would not be entitled to *res judicata* or collateral estoppel effect – as "dictum." Thus, defendant Hill is trapped in the quagmire of attempting to have his Petition finally resolved in a final ***and appealable*** order.

Having said all of that, if the Court is inclined to treat the government's latest removal

petition as an opportunity to reconsider the remand order in Case No. 07 C 6939, Cmdr. Hill agrees with the United States that the remand should be based not on lack of subject matter jurisdiction, but on the merits under § 2679(d)(3). As the United States points out, there is a distinction between lack of subject matter jurisdiction based on adjudicatory incompetence (such as the power to resolve a $10,000 dispute between Illinois residents under federal diversity jurisdiction), and the decision to adjudicate an issue committed to the district court's discretion, and then "bow out" because its work is done. This case falls into the latter category. Under § 2679(d)(3), if the United States Attorney refuses to find that the federal employee acted within the scope of his federal employment, the federal employee has the right to have the court in which the litigation pending review that decision, whether the case is pending in state or federal court. The United States has the right to remove that Petition to federal court in order to resolve the single federal question of whether the federal employee acted within the scope of his federal employment. If this Court rules that Hill acted outside the scope of his federal employment, it will have resolved the only federal issue before it, and should then "bow out," as § 2679(d)(3) requires. That remand would not, however, be for lack of subject matter jurisdiction, but rather on the merits, and under § 2679(d)(3).

If this Court decides that Hill acted outside the scope of his federal employment and remands to the Illinois court under § 2679(d)(3), this Court need not enter an injunction barring Hill from filing any further scope petitions, as the United States suggests. If the Court rules against Hill, dismisses the United States, and remands to the state court under § 2679(d)(3), that order would be appealable to the Seventh Circuit, which is exactly what Hill will do. Thus, there is no need for this Court to enjoin future scope petitions, when Hill will pursue a direct appeal to the Seventh Circuit.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.


By:   s/David S. Allen
      David S. Allen

6193463 (SBB)
3128186 (DSA)
Steven B. Borkan
David S. Allen
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/Petitioner Kirk L. Hill
120 N. La Salle Street, 34th Floor
Chicago, Illinois  60602
(312) 419-1011