6193463 (SBB)
3128186 (DSA)       SBB:dsa        06/19/08        WHITE          15689F-9-73

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HALL FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 08 C 1164 |
| | ) | Judge Samuel Der-Yeghiayan |
| KIRK L. HILL, | ) | Magistrate Judge Cole |
| | ) | (formerly No. 04 L 180 in the Circuit |
| Defendant/Petitioner, | ) | Court of Lake County, Illinois) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**DEFENDANT/PETITIONER KIRK L. HILL'S SUPPLEMENTAL BRIEF
IN SUPPORT OF HIS MOTION TO REMAND UNDER 28 U.S.C. § 1447(c)**

### I.   INTRODUCTION

On May 29, 2008, this Court directed defendant/petitioner Kirk L. Hill and respondent United States of America to address this Court's subject matter jurisdiction to review the United States's third removal petition.  (*See* Transcript of Proceedings – Status before the Honorable Samuel Der-Yeghiayan [Exhibit A]).  For the following reasons, defendant Hill submits that:

- Unless this Court overturns the United States Attorney's June 27, 2005 "scope" decision and substitutes the United States as a defendant for Hill, § 2679(d)(3) mandates that this Court remand this case to state court.  After that ruling, there will be no federal question or diversity jurisdiction, and thus the remand must be for lack of subject matter jurisdiction;

- Upon remand, if the state court determines that Hill did not act within the scope of his federal employment and dismisses the United States, the state court will then be free to resolve plaintiff Foster's lawsuit on the merits. Defendant Hill will have to

  •  await the state court's final judgment in that litigation before he can challenge the scope order in the Illinois Appellate Court or the Illinois Supreme Court;

  •  However, if the state court determines that Hill acted within the scope of his federal employment, dismisses Hill, and substitutes the United States, the United States will have the option to either remove this case to federal court and defend on the merits, or defend on the merits in the state court.

## II. ARGUMENT

**A.** **The Westfall Act And The Federal Removal Statute.**

  In order to resolve the issues this Court posed on May 29, 2008, this Court needs to examine the Federal Employees Liability and Reform Tort Compensation Act of 1988 (the "Westfall Act"), Public Law 100-694, 28 U.S.C. § 2679, and the federal removal statute, 28 U.S.C. § 1447(c, d). First, under the Westfall Act, the Attorney General may certify that a federal employee named as a defendant in a civil lawsuit was "acting within the scope of his office or employment at the time of the incident" that serves as the basis for a tort claim against that employee. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3(a)(1997). If the Attorney General certifies that the employee acted within the scope of his employment, the defendant federal employee is immune from suit on claims arising from certified conduct, and the United States is substituted as the defendant with regard to those claims. 28 U.S.C. §§ 2679(b)(1), (d)(1). However, if the Attorney General refuses to certify that the federal employee acted within the scope of his employment, that employee may challenge the Attorney General's scope certification at "any time before trial" by filing a petition with the state or federal court where the action is pending to review that decision. 28 U.S.C. § 2679(d)(3). If the court overturns the Attorney General's "scope" decision and substitutes the United States as the defendant, the remedy against the United States is the exclusive remedy and any other action – specifically, any action against the individual employee/defendant in his individual capacity – is precluded. 28 U.S.C.

§ 2679(d)(1).

Section 2679 describes the procedure for removal of cases from state court, and distinguishes between cases where the Attorney General certifies that the employee acted within the scope of his employment from those cases where the Attorney General declines to certify that the employee acted within the scope of his employment. If the Attorney General certifies that the federal employee acted within the scope of his employment, the Attorney General "shall" remove the case to federal court, and the Attorney General's "certification ... shall conclusively establish scope of office or employment for purposes of removal":

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall* be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. ***This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal***.

28 U.S.C. § 2679(d)(2)(emphasis supplied).

In contrast, if – as here – the Attorney General declines to certify that the federal employee acted within the scope of his office or employment, he may – but need not – remove the case to federal court. Moreover, if the district court agrees with the Attorney General's scope decision, the court must remand the case to State court:

> (3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall

3

> be substituted as the party defendant. .... In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding *may* be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. ***If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.***

28 U.S.C. § 2679(d)(3)(emphasis supplied).

Second, the federal removal statute requires this Court to remand a case to the State court whenever – and precludes appellate review – at any point that this Court determines that it lacks subject matter jurisdiction:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. * * *.
>
> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
>
> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(c, d, e).

**B.    Unless This Court Overturns The United States Attorney's June 27, 2005 "Scope" Decision, § 2679(d)(3) Mandates This Court To Remand To State Court For Lack Of Subject Matter Jurisdiction.**

Unless this Court overturns its May 19, 2006 and January 31, 2006 orders that Kirk Hill did not act within the scope of his federal employment, § 2679(d)(3) mandates that this Court remand to state court for lack of subject matter jurisdiction. In *Osborn v. Haley*, 549 U.S. 225 (2007), the United States Supreme Court held that when Congress crafted § 2679(d)(2) of the Westfall Act, its

intent was that if the Attorney General certified that a federal employee acted within the scope of his office or employment, the case must be removed to federal court, and must stay there, even if the district court rejects the Attorney General's certification. There, Pat Osborn sued federal employee Barry Haley in Kentucky state court, alleging tortious interference with her employment and conspiracy to cause her wrongful discharge. The United States Attorney certified that Barry acted within the scope of his employment, and removed the case to federal court. In federal court, however, the district court rejected the United States Attorney's scope certification, and denied the motion to substitute the United States for Barry. *Osborn*, 549 U.S. at 890. Because the United States was no longer before the court, Osborn and Barry were citizens of the same state, and no federal law was involved, the district court remanded the case to state court for lack of subject matter jurisdiction under § 1447(c). *Osborn*, 549 U.S. at 890. The Sixth Circuit vacated that order, and instructed the district court to retain jurisdiction. *Id*. at 891-92.

In affirming the Sixth Circuit, and holding that Congress gave district courts no authority to remand cases where the Attorney General certifies the employee acted in the scope of his employment, the Supreme Court distinguished between the language of §§ 2679(d)(2) and 2679(d)(3), and held that federal jurisdiction hinges on whether or not the Attorney General certifies that the federal employee acted within the scope of his employment:

> If the action is launched in a state court, and the Attorney General makes the same certification [that the employee acted within the scope of his office or employment], the action "shall be removed" to the appropriate federal district court, and again the United States must be substituted as the defendant. § 2679(d)(2). Of prime importance to our decision, § 2679(d)(2) concludes with the command: "Th[e] certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." (Emphasis supplied).
>
> This directive markedly differs from Congress' instruction for cases in which the

> Attorney General "refuse[s] to certify scope of office or employment." § 2679(d)(3). In that event, the defendant employee may petition the court in which the action was instituted to make the scope-of-employment certification. If the complaint was filed in a state court, the Attorney General *may* remove the case to the appropriate federal court, but he is not obliged to do so. Ibid. If the court, state or federal, issues the certification, "the United States shall be substituted as the party defendant." *Ibid*. If removal has occurred, and thereafter "the district court determines that the employee was not acting within the scope of his office or employment, the action ... *shall be remanded to the State court.*" *Ibid*. (emphasis supplied).
>
> The Act's distinction between removed cases in which the Attorney General issues a scope-of-employment certification, and those in which he does not, leads us to conclude that Congress gave district courts no authority to return cases to state courts on the grounds that the Attorney General's certification was unwarranted. Absent certification, § 2679(d)(3) directs that the case must be remanded to the state court in which the action commenced. In contrast, when the Attorney General certifies scope of employment, his certificate "conclusively establish[es] scope of office or employment *for purposes of removal.*" § 2679(d)(2)(emphasis added). Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive.

*Osborn v. Haley*, 549 U.S. at 894.

The Supreme Court then tackled the question left open in *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995), of whether a district court would have Article III subject matter jurisdiction "if certification is rejected and substitution denied 'because the federal court concludes that the employee acted outside the scope of his employment, ...'" and there was no diverse citizenship or federal question. *Osborn v. Haley*, 549 U.S. at 896 (quoting *Lamango*, 515 U.S. at 434-35). The Supreme Court held that if the district court determined "that Haley in fact engaged in the tortious conduct outside the scope of his employment," the district court would have resolved a "significant federal question (whether Haley ha[d] Westfall Act immunity)," and that federal question would justify retaining jurisdiction consistent with Article III, even if the parties were not

6

diverse and there was no other federal question to resolve. *Osborn*, 549 U.S. at 896; *see also Taite v. Morin*, 521 F. Supp. 141 (D. N.H. 2007)(vacating order remanding to state court where the United States Attorney certified that defendant acted within the scope of her federal employment).

The same is not true for a remand under § 2679(d)(2), as *Foster v. Hill*, 497 F.3d 695 (7th Cir. 2007) and *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007), establish. In both instances, the United States Attorney declined to certify that the defendant acted within the scope of his employment, and removed the state-court litigation to federal court for resolution. In both instances, the district court refused to overturn the United States Attorney's decision, and the Seventh Circuit dismissed the resulting appeals.

In *Daniels*, the Seventh Circuit held that if the Attorney General refuses to certify that the federal employee acted within the scope of his employment, federal subject matter jurisdiction is lacking and "the case presumptively belongs in state court ...." *Daniels*, 484 F.3d at 887. In *Foster*, the Seventh Circuit interpreted *Daniels* to mean that a mandatory remand under § 2679(d)(3) is one for lack of subject matter jurisdiction:

> In dismissing the appeal in *Daniels*, we likewise did not specify whether our invocation of § 1447(d) was because the remand was for a lack of subject matter or for a defect in the removal process. As we noted above, repeated decisions by the Supreme Court in *Thermtron*, *Things Remembered*, *Quackenbush* and this term's *Powerex* decision have reiterated that these are the only two permissible grounds for invoking § 1447(d)'s ban on appellate review. But we did note in *Daniels* that "[t]he Attorney General ... removed the proceedings to federal court, as 28 U.S.C. § 2679(d)(3) permits, so that a federal judge could decide whether this decision is sound." *Daniels*, 484 F.3d at 886. This acknowledgment that removal was proper, combined with the limitations on § 1447(d), allows us only one conclusion: that the result in Daniels was premised on the conclusion that the district court's remand order was based on a lack of subject matter jurisdiction, despite the fact that the district court itself never stated such a conclusion.

> Although this case is distinct from *Daniel*s in the underlying facts of the tort action,

7

> the jurisdictional question is identical. In both cases, the Attorney General declined to certify that the defendant's actions were within the scope of his employment. In both cases, the district court agreed. In both cases, the district court entered a remand order that did not cite to § 1447(c) as the grounds for remanding the decision, and was silent as to whether the remand was based on a lack of subject matter jurisdiction. Given that we construed such silence on the part of the district court in Daniels to imply that the court was tacitly remanding for lack of subject matter jurisdiction, a contrary result would be inconsistent.

*Foster*, 497 F.3d at 698.

Although Hill sought to have the state court resolve the scope-of-employment question, on December 10, 2007, the United States Attorney filed another Notice of Removal, which was docketed as Case No. 07 C 6939, and assigned to this Court. On January 31, 2008, this Court *sua sponte* issued an Order, which **expressly** held that the basis of his original remand order was lack of subject matter jurisdiction, and accordingly remanded this case to the Illinois state court:

> Since the facts presented in this case are the same as the facts presented in the earlier removal, we need not delay the adjudication of this matter by scheduling further briefings. Subject matter jurisdiction is conferred on the courts by Congress. We reaffirm our earlier decision finding that the Attorney General's decision relating to the scope of employment was sound, and that the remand of the action was mandated pursuant to 28 U.S.C. § 2679(d)(3). The underlying action in this case is a tort action between two private individuals and jurisdiction was properly in state court. The only basis of removal to this court was pursuant to 28 U.S.C. § 2679(d)(3) to determine if the United States should be substituted as a party in the underlying action. Since removal was based upon 28 U.S.C. § 2679(d)(3), and we agreed with the Attorney General's decision, we remanded the action to the state court as mandated by the Westfall Act. In doing so, we effectively found that the United States could not be considered to be a party to the underlying action. Therefore, based on the above, our jurisdiction to review the limited issue upon removal was pursuant to 28 U.S.C. § 2679(d)(3). Once we determined pursuant to the Westfall Act that the United States was not a party to this action, we did not have subject matter jurisdiction, without any other jurisdictional basis, over the underlying action of tort between two private individuals. Therefore, we reaffirm our earlier decision and for the same reasons stated in that decision we find that the Attorney General's decision that Hill was not acting within the scope of employment was sound. We dismiss the instant petition, and once again remand the action to state court. Based upon the foregoing, once we determined that the United States, in effect, is not a

> party in the underlying action, and the remand therefore is mandated pursuant to 28 U.S.C. § 2679(d)(3), which gave us jurisdiction to review this matter in the first place, without a separate basis for subject matter jurisdiction pursuant to statute or precedent decision on point, we conclude that the remand is based upon a lack of subject matter jurisdiction over the underlying action.

*Foster v. Hill*, No. 07 C 6939 (N.D. Ill. Jan. 31, 2008).

This Court's jurisdictional analysis is unassailable. This is tort litigation between two Illinois residents, and no federal question vests this Court with subject matter jurisdiction. To be sure, the United States' removal petition presented this Court with the limited federal question of Hill's immunity under the Westfall Act. But once this Court resolved that discrete issue, there was no further basis for subject matter jurisdiction, and § 2679(d)(3) commands that "the action or proceeding shall be remanded to the State court." While the United States previously argued that such a remand was on the merits and not for lack of subject matter jurisdiction (United States' Response to Hill's Motion to Remand and for Attorney Fees, d/e 18 at 7-10), the Supreme Court's decisions in *Powerex Corp. v. Reliant Energy Serv., Inc.*, 551 U.S. ___, 127 S.Ct. 2411 (2007), and *Kirchner v. Putnam Funds Trust*, 547 U.S. 633 (2006), belie that argument. In *Powerex Corp.*, the district court initially concluded that defendants were entitled to remove the case from state to federal court, and "thus believed that whether the case should be remanded 'hinge[d on its] jurisdictional authority to hear the removed claims, not whether the actions were properly removed in the first instance." *Powerex Corp.*, 127 S.Ct. at 2414. After ruling on the merits of that issue, the court remanded the entire case. The Ninth Circuit held that it had jurisdiction to decide the appeal, holding that § 1447(d) "did not preclude it from reviewing substantive issues of law that preceded the remand order." *Id.* at 2415. Before the Supreme Court, the Solicitor General argued that the district court's "remand order was not based on a lack of 'subject matter jurisdiction' within the

9

meaning of § 1447(c) because that term is properly interpreted to cover only 'a defect in subject matter jurisdiction *at the time of removal* that rendered *the removal itself* jurisdictionally improper.'" *Id*. at 2416 (emphasis in original). The Supreme Court categorically rejected this argument, holding that "[n]othing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance." *Id*. at 2416. The Court thus held "that when a district court remands a properly removed case because it nevertheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)." *Id*. at 2417. *Powerex Corp.* thus dooms the United States' reliance on such decisions as *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708-09 (7 th Cir. 1992), which limited the application of § 1447(c) to remands only when jurisdiction was absent at the time of removal. *See Price v. J & H Marsh & McLennan, Inc.,* 493 F.3d 55, 60-61 (2nd Cir. 2007)(*Powerex Corp.* rejected the holding in *Amoco Petroleum*). Nor can the United States take solace in the Seventh Circuit's decision in *Kirchner v. Putnam Trust Funds*, 373 F.3d 847, 850 (7th Cir. 2004), *rev'd*, 547 U.S. 633 (2006). To be sure, the Seventh Circuit held that § 1446(c) did not preclude review of a "decision that 'the court has been authorized to do X and having done so should bow out.'" The Supreme Court, however, vacated the Seventh Circuit's decision for lack of appellate jurisdiction, and on remand, the Seventh Circuit directed that the district court remand the case to state court. *See Kircher*, 547 U.S. at 639; *Matter of Mutual Fund Market-Timing Litigation*, 468 F.3d 439, 441 (7th Cir. 2006). Moreover, *Powerex* holds that even if a case is properly removed to federal court, once the jurisdictional basis "drops out," § 1446(c) encompasses the remand, and precludes appellate review under § 1447(c). Accordingly, unless this Court overturns the United States Attorney's scope decision and holds that Hill acted within the scope of his employment, § 2679(d)(3)

mandates remand to state court, and §§ 1446(c) and (d) will prevent Hill from seeking appellate review of that decision.

**C.     The Parties' Options Upon Remand To State Court.**

On May 29, 2008, this Court requested the parties' views on what will happen if this Court remands the case to state court. The answer will depend on whether the Illinois state court finds that Hill acted within the scope of his federal employment, or not. We address the latter scenario, first. If the state court decides that Hill did not act within the scope of his employment, this case will proceed to summary judgment or trial between Foster and Hill; the United States will not be involved. Unless the state court exercises its discretion and certifies the question of Hill's Westfall Act immunity for interlocutory appeal under Illinois Supreme Court Rule 308, the Illinois Appellate Court or Illinois Supreme Court will not have appellate jurisdiction to review the denial of Hill's Westfall Act immunity until the state court enters a final judgment. *See In re Estate of French*, 166 Ill.2d 95, 104, 651 N.E.2d 1125, 1129 (1995); *In re Olivia C.*, 371 Ill. App. 3d 473, 868 N.E.2d 307 (4th Dist. 2007). If the Illinois Appellate Court disagrees with Hill, that will end the matter. On the other hand, if the Illinois Appellate Court or Illinois Supreme Court sides with Hill, "then the United States would be substituted as a defendant ...." *Daniels v. Liberty Mutual Ins. Co.*, 484 F.3d at 888.

Section 2679(d)(3) answers the alternative option: if the state court – either the trial court or appellate court – finds and certifies that Hill acted within the scope of his federal employment, "such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant...." § 2679(d)(3); *see Osborn*, 549 U.S. at 894 ("If the court, state or federal, issues the certification, 'the United States shall be substituted as the party defendant.'")

What happens next – if the state (trial or appellate) court finds and certifies that Hill acted within the scope of his federal employment – depends entirely on the Attorney General. Once again, section 2679(d)(3) provides that if the state court substitutes the United States for Hill, "the action or proceeding *may* be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending." § 2679(d)(3)(emphasis supplied). Thus, the Seventh Circuit noted in *Foster v. Hill*, 497 F.3d at 699, that "if the state court disagrees with the district court's findings, the United States will be substituted (again) and the United States can invoke removal to the federal courts (again)." Similarly, the Seventh Circuit in *Daniels v. Liberty Mutual Ins. Co.*, 484 F.3d at 888, noted that "Jaskolski and the Bureau may pursue on appeal in state court any argument they would have made in this court." If the Illinois Circuit Court, Appellate Court, or Supreme Court sides with Hill, the Attorney General has the discretion to remove the case to this Court, or litigate through the state appellate court system.

**D.　How To Break The Loop From State Court To Federal Court.**

This is Kirk Hill's third attempt to advance his petition for resolution. Although this Court remanded the United States' removal petition for lack of subject matter jurisdiction twice, the government persists in removing the case to federal court, hoping to achieve a different result. Although there is no *per se* ban against re-removal, such re-removal is only permissible if intervening events justify revisiting the initial remand. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). The facts have not changed since the United States last removed Hill's petition to federal court, and they will not. The only way to break this vicious cycle is to either sanction the United States under

28 U.S.C. § 1447(c), or warn the United States that the next removal will result in such sanctions.

### III.  CONCLUSION

Although the United States persists in trying to keep this case before a federal forum, there are only two ways to reach that result: (1) if the United States certifies that Kirk Hill acted within the scope of his employment, this case would be in federal court, and § 2679(d)(3) would keep it here, even if this Court disagreed with that scope decision; or (2) this Court can find and certify that Hill acted within the scope of his employment, and substitute the United States as the defendant. Barring those options, the Supreme Court and Seventh Circuit precedent – and the express language of § 2679(d)(2) – demand that this case be remanded to state court for lack of subject matter jurisdiction.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By:  /s/David S. Allen
 David S. Allen

6193463 (SBB)
3128186 (DSA)
Steven B. Borkan
David S. Allen
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/Petitioner Kirk L. Hill
120 N. La Salle Street, 34th Floor
Chicago, Illinois  60602
(312) 419-1011