UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HALL FOSTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIRK L. HILL, ) <br> ) <br> Defendant-Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Judge Der-Yeghiayan <br><br> No. 08 C 1164 <br><br> (formerly No. 04 L 180 in the Circuit Court of Lake County, Illinois) |

**UNITED STATES' SUPPLEMENTAL MEMORANDUM**

The United States submits this supplemental memorandum to address the issues raised by the court in open court on May 29, 2008. For the reasons set forth below, Hill's third scope petition should be denied, the United States should be dismissed from this action, and Hill should be barred from filing any further scope petitions in state court. This action should also be remanded to state court pursuant to 28 U.S.C. § 2679(d)(3) and *not* for lack of subject matter jurisdiction, and Hill's motion to remand and for attorney fees should be denied.

**Argument**

**I.    The *Powerex* Decision**

In *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S. Ct. 2411 (2007), the State of California brought state-court actions alleging price-fixing against several wholesale energy suppliers. In response, the wholesale suppliers filed cross-claims seeking indemnification from federal and Canadian government agencies and Powerex, a wholly owned subsidiary of the Canadian government agency. *Id.* at 2414. The cross-defendants then removed the action to federal court and

California responded with a motion for remand. *Id.* The district court determined that the action was properly removed in the first place, but still granted California's motion for remand because it concluded that it did not have the "jurisdictional authority to hear the removed claims." *Id.* Specifically, the district court found that it lacked jurisdictional authority over the removed claims because the Canadian government agency was entitled to sovereign immunity under the Foreign Sovereign Immunities Act of 1976 (FSIA), and because Powerex did not qualify as a foreign state under FSIA. *Id.* The district court also found that because the federal agencies were immune from suit in state court, the district court itself was deprived of jurisdiction over the removed claims against those agencies. *Id.* at 2414-15.

In its decision, the Supreme Court held that the district court's order remanding the action to state court was shielded from appellate review by 28 U.S.C. § 1447(d) because the district court's remand order "relied upon a ground that is colorably characterized as subject-matter jurisdiction." *Powerex*, 127 S. Ct. at 2418. In reaching this conclusion, the Supreme Court explained that § 1447(d) does not bar appellate review of all remand orders. *Id.* at 2415. Rather, § 1447(d) bars appellate review only if a remand order is based on a lack of subject matter jurisdiction or a defect in the removal procedure. *Id.* at 2416. The Supreme Court also explained that lengthy appellate disputes about the basis for a remand order — *i.e.*, whether the remand was based on a lack of subject matter jurisdiction, a defect in the removal procedure or some other grounds — would frustrate the underlying purpose of § 1447(d), which is to avoid undue delay *Id.* at 2418, *citing Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2158-2159 (2006) (Scalia, J., concurring in part and concurring in judgment). As a result, § 1447(d) barred appellate review so long as the district court's remand order relied upon a ground that was at least "colorably" based upon a lack of subject matter jurisdiction. *Powerex*, 127 S. Ct. at 2418. Focusing on this last point, the Supreme Court noted that the district court's characterization of its own remand order as one based on subject matter

jurisdiction was "debatable." *Id.* Nevertheless, this conclusion alone was sufficient for § 1447(d) to apply. *Id.*

Viewed as a whole, the *Powerex* decision addressed the proper standard of review that an appellate court should use when applying § 1447(d) to a district court remand order that purports to be based on a lack of subject matter jurisdiction. In contrast, *Powerex* did not address what factors should govern the proper characterization of a remand in the first place, and expressly noted that the proper characterization of the particular remand before it was "debatable." *Id.* at 2418. With this is mind, *Powerex* does not have any direct application to the proper characterization of the remand at issue in the present case. Nevertheless, *Powerex* does reiterate that § 1447(d) does not bar appellate review of all remand orders. *Id.* at 2415-16. Accordingly, *Powerex* is fully consistent with the important distinction drawn by the Seventh Circuit in *Kircher* between a remand that occurs because a district court *does not* have jurisdiction over the subject matter at issue and a remand that occurs because a district court *does* have jurisdiction over the subject matter at issue, adjudicates that issue on the merits, and then bows out of the case because its work is done. *Kircher v. Putnam Funds Trust*, 373 F.3d 847, 850 (7th Cir. 2004), *reversed on other grounds*, 547 U.S. 633 (2006).

As was discussed in detail by the Seventh Circuit in *Kircher*, a remand of the first type — *i.e.*, one that occurs because a district court *does not* have jurisdiction over the subject matter at issue — should be characterized as a remand for lack of subjection matter jurisdiction. *Kircher*, 373 F.3d at 850. In contrast, a remand of the second type — *i.e.*, one that occurs because a district court *does* have jurisdiction over the subject matter at issue, adjudicates that issue on the merits, and then bows out of the case because its work is done — should *not* be characterized as a remand for lack of subjection matter jurisdiction. *Id.* This latter conclusion also holds even though subject matter jurisdiction might be said to "evaporate[]" once the court has completed its adjudication of a particular issue that it has jurisdiction over. *Id.* As explained by the Seventh Circuit, "Once a court does all that the statute authorizes, there is no adjudicatory competence to do more. That is not the

3

'lack of subject-matter jurisdiction' that authorizes a remand. Otherwise every federal suit, having been decided on the merits, would be dismissed for lack of jurisdiction' because the court's job was finished." *Id.*

In the present case, the court has jurisdiction over and should adjudicate on the merits defendant-petitioner Kirk Hill's third attempt to obtain a federal scope-of-employment certification pursuant to 28 U.S.C. § 2679(d)(3). Once this is complete, the court's work will be done and this case should be remanded to state court, but the remand should be solely pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction in accordance with *Kircher*. It is true, of course, that an adjudication of Hill's scope petition will leave no remaining claims over which the court has subject matter jurisdiction. But this lack of any additional remaining claims, after an adjudication on the merits of Hill's scope petition, does not mean that this action should be remanded for a lack of subject matter jurisdiction. *Kircher*, 373 F.3d at 850. Rather, this action should be remanded based solely on the mandate in § 2679(d)(3) which requires such a remand after a removed scope petition is denied.

In *Powerex,* the district court issued a remand order based on a lack of subject matter jurisdiction after it determined that it lacked "jurisdictional authority" over the removed claims before it. When the Supreme Court examined the district court's decision, it concluded that the district court's characterization of its own remand order was at least "debatable," but this was sufficient for § 1447(d) to apply. Unlike the district court in *Powerex*, this court *does* have "jurisdictional authority" over Hill's request for a federal scope-of-employment certification and must adjudicate Hill's claim on the merits, and thus a remand for a lack of subject matter jurisdiction is not "debatable." As noted above, an adjudication of Hill's scope petition will leave no additional remaining claims over which the court has jurisdiction. But this does not make the present case similar to *Powerex* because there is a fundamental difference between lacking jurisdiction over

4

removed claims in the first place (the *Powerex* case) and lacking jurisdiction over secondary claims that still remain after a removed scope petition is adjudicated on the merits (the present case).

## II.    District Court Adjudicatory Power to Determine Jurisdiction

As was noted by the United States in its earlier response brief, the Seventh Circuit's decision in *Kircher* was reversed on other grounds by the Supreme Court. *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006). Specifically, the Supreme Court reversed because it found that the *Kircher* remand was not in fact a substantive adjudication on the merits and was really a subject matter determination. *Id.* at 642-44. This does not undermine in any way the application of *Kircher* to the present case because this court's evaluation of Hill's request for a federal scope-of-employment certification is unequivocally a substantive adjudication on the merits.

In its opinion addressing the *Kircher* case, the Supreme Court observed that a district court holds an "adjudicatory power" to determine its own jurisdiction. *Kircher*, 547 U.S. at 643-44. As a result, the proper characterization of a remand order is not determined by the mere existence of a district court adjudication. *Id.* Rather, the proper characterization of a remand order depends on whether a district court adjudication is correctly viewed as a determination of jurisdiction or a substantive adjudication on the merits of a claim. Applying these principles here, § 2679(d)(3) provides this court with jurisdiction over Hill's request for a federal scope-of-employment certification. In addition, this court's denial of Hill's request is plainly a substantive determination on the merits of Hill's claim that he was acting within the scope of his federal employment at the time of his assault on plaintiff James Foster. Accordingly, this court's "adjudication" of Hill's scope petition on the merits is distinguishable from the district court's "adjudication" of jurisdiction in *Kircher*, and thus the resulting remand of this action to state court should not be characterized as a remand for lack of subject matter jurisdiction.

5

**III.     Review of Hill's Scope Petition in State Court**

As noted by the Seventh Circuit in *Daniels*, state courts are competent to address questions of federal law. *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884, 888 (7th Cir. 2007). In addition, issue preclusion does not prevent a state court from reconsidering an issue previously litigated in federal court if a federal appeal is barred by § 1447(d). *Kircher*, 547 U.S. at 647. As a result, a remand of the present action for a lack of subject matter jurisdiction could lead to further litigation of Hill's scope petition in state court. For the reasons set forth in the United States' earlier response brief and this supplemental memorandum, the United States believes that this action should be remanded solely pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction (in accordance with *Kircher*), such that an appeal by Hill will not be barred by § 1447(d) and issue preclusion *will* prevent the state court from addressing the scope of Hill's employment. If this does not occur, however, re-litigation of Hill's scope petition in state court will only lead to more wasted time and resources for both the courts and the parties.

As discussed by the Seventh Circuit in *Daniels*, both the United States and Hill could pursue the same arguments in state court that they have already made in this court. *Daniels*, 484 F.3d at 888. In addition, Hill could appeal a state-court ruling against him to an Illinois appellate court, the Illinois Supreme Court and ultimately the United States Supreme Court (if it granted a petition for a writ of certiorari). *Id.* In contrast, a state-court ruling in favor of Hill would require a substitution of the United States for Hill pursuant to § 2679(d)(3), and then cause an immediate loss of jurisdiction by the state court because federal courts have exclusive jurisdiction over a Federal Tort Claims Act (FTCA) claim against the United States. 28 U.S.C. § 1346(b)(1). Because a substitution of the United States would lead to an immediate loss of jurisdiction by the state court, this case could not remain in state court for any period of time after a ruling in favor of Hill on his scope petition. In fact, a substitution of the United States in state court would appear to provide the United States with a case-ending motion to dismiss the state-court litigation under the exclusive jurisdiction

provisions of the FTCA. *Id.* Notably, however, a removal of this action after such a substitution would also be problematic. For example, if this case were removed pursuant to 28 U.S.C. § 1442 (which allows the United States to remove an action against it in state court), the derivative jurisdiction doctrine might be a bar to federal jurisdiction. *Edwards v. U.S. Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (if state court lacks jurisdiction over action removed to federal court under § 1442, federal court also lacks jurisdiction because federal court jurisdiction is derivative of state court's jurisdiction). In addition, even if the derivative jurisdiction doctrine were not an issue, this case would be reassigned to Judge Der-Yeghiayan as a refiling of a previously removed and previously dismissed case. *See* Local Rules 40.3(b)(2) and (3). In turn, the law-of-the-case doctrine would require, absent extraordinary circumstances, that this court reinstate its earlier determination that Hill was not entitled to federal scope-of-employment certification, and then remand this action again pursuant to § 2679(d)(3). *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (absent extraordinary circumstances, law-of-the-case doctrine requires that decision of first court to address issue should be respected). Application of the law-of-the-case doctrine would be particularly appropriate in this circumstance given that § 2679(d)(3) expressly authorizes the United States to have scope petitions decided in federal rather than state court. In the end, however, this would put the parties right back where they started following the court's first remand in May 2006.

## IV.   Ending the Cycle of Remands and Removals

As set forth in the United States' response brief, the best way to end the cycle of remands and removals in this case is for the court to deny Hill's third scope petition, dismiss the United States, and bar Hill from filing any further scope petitions in state court. The court should also remand this action to state court pursuant to 28 U.S.C. § 2679(d)(3) and *not* for lack of subject matter jurisdiction, and deny Hill's motion to remand and for attorney fees. In his reply brief, Hill himself agreed that this action should be remanded solely pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction. Hill Reply at 4. This approach would also accord with Seventh Circuit caselaw

addressing remands that follow an adjudication on the merits, would make federal appellate review a possibility, and would end the recurring cycle of wasted time and resources for both the courts and the parties.

If the court disagrees with the foregoing approach and issues a remand order styled as a remand for lack of subject matter jurisdiction, the United States does not expect to immediately remove Hill's next scope petition in state court.  If this occurs, however, a whole new set of problems may be created.  As set forth above, future litigation of Hill's scope petition in state court may well cause a new jurisdictional problem for the state court (because federal courts have exclusive jurisdiction over FTCA claims against the United States), or a new jurisdictional problem for this court (if the United States is substituted for Hill in state court and this case is then removed pursuant to 28 U.S.C. § 1442, the derivative jurisdiction doctrine might bar federal jurisdiction).  A substitution of the United States in state court and a subsequent removal will also put the parties right back where they started because a subsequent removal should be reassigned to Judge Der-Yeghiayan and the law-of-the-case doctrine will require that this court reinstate its earlier determination that Hill was not entitled to federal scope-of-employment certification.  Because a new set of problems is the last thing this case needs, this action should be remanded solely pursuant to § 2679(d)(3) and *not* for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, Hill's third scope petition should be denied, the United States should be dismissed from this action, and Hill should be barred from filing any further scope petitions in state court.  This action should also be remanded to state court pursuant to 28 U.S.C. §

2679(d)(3) and *not* for lack of subject matter jurisdiction, and Hill's motion to remand and for attorney fees should be denied.

                                            Respectfully submitted,

                                            PATRICK J. FITZGERALD
                                            United States Attorney

                              By:  s/ Samuel S. Miller
                                            SAMUEL S. MILLER
                                            Assistant United States Attorney
                                            219 South Dearborn Street
                                            Chicago, Illinois 60604
                                            (312) 886-9083
                                            samuel.s.miller@usdoj.gov