6193463 (SBB)
3128186 (DSA)  SBB:dsa  09/08/08  WHITE  15689F-9-73

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES HALL FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 08 C 1164 |
| ) | Judge Samuel Der-Yeghiayan |
| KIRK L. HILL, ) | Magistrate Judge Cole |
| ) | (formerly No. 04 L 180 in the Circuit |
| Defendant/Petitioner, ) | Court of Lake County, Illinois) |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**DEFENDANT/PETITIONER KIRK L. HILL'S SUPPLEMENTAL BRIEF**
**IN SUPPORT OF HIS MOTION TO REMAND UNDER 28 U.S.C. § 1447(c)**

### I.   INTRODUCTION

On August 29, 2008, this Court directed defendant/petitioner Kirk L. Hill and respondent United States of America to address the United States's request that the Court bar Hill from filing any further petitions in the Illinois state court seeking certification of the scope of his employment. For the following reasons, defendant Hill submits that under the Anti-Injunction Act, an injunction against Hill pursuing his scope petition would be permissible if – and only if – this Court's remand to the state court was a judgment entitled to *res judicata* or collateral estoppel preclusive effect in the Illinois state court. As the Seventh Circuit held, however, the Westfall Act precludes Hill from appealing this Court's remand order. This Court judgment cannot be for anything but lack of subject matter jurisdiction. Therefore, this Court cannot enter an injunction precluding Hill from seeking

to have the Illinois state court finally resolve his scope-of-employment petition.

## II. ARGUMENT

A.　　The United States' Argument.

Although the United States is the only party responsible for removing Hill's petition to federal court – not once, but three times – the United States argues in its supplemental filing that "the best way to end the cycle of remands and removals is for the court to deny Hill's third scope petition, dismiss the United States, and bar Hill from filing any further scope petitions in state court." (Docket entry No. 24 at 7). The United States thus continues to ignore the Seventh Circuit's mandate in *Foster v. Hill*, 497 F.3d 695, 698 (7th Cir. 2007), and *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884, 887 (7th Cir. 2007), that the proper avenue following a remand under 28 U.S.C. § 2679(d)(2) is to allow the state court to resolve the scope decision, subject to appellate review through the state courts, and ultimately the United States Supreme Court.

In its April 4, 2008 Response to Hill's Motion to Remand and for Attorney Fees, the United States argued that "[o]*nce this court has entered an appealable order*, it may enjoin repetitive litigation in state court in order to protect or effectuate its decision in accordance with both the All Writs Act, 28 U.S.C. § 1651, and the re-litigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283." (Docket entry No. 18 at 10)(emphasis supplied). The government's argument thus entirely hinges on its belief that if this Court denies Hill's petition, its remand order will be an appealable judgment. A review of the precedent interpreting the All-Writs Act, the Anti-Injunction Act, and the Westfall Act establish that this Court's remand order cannot be enforced through an injunction against the state court proceedings.

B.   **The All Writs Act and the Anti-Injunction Act Only Allow This Court to Enjoin State Court Litigation to Protect a Final and Appealable Judgment.**

This Court must deny the United States's request for injunctive relief because the Anti-Injunction Act prevents this Court from enjoining state court litigation, except to prevent re-litigation of an appealable judgment. The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Anti-Injunction Act forbids any federal injunction or stay of state litigation "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. While the All Writs Act authorizes federal courts to enjoin attempts to circumvent their judgments in state court, the Anti-Injunction Act trumps that authority, and absolutely prohibits federal courts from enjoining state court proceedings unless the injunction is based on one of the three specific statutory exceptions. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs.*, 398 U.S. 283, 286-87 (1970); *National R.R. Passenger Corp. v. Florida*, 929 F.2d 1523, 1535 (11th Cir. 1991); *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1256-57 (11th Cir. 2006); *In re Ocean Ranger Sinking Off Newfoundland on February 15, 1982*, 617 F. Supp. 435, 436 (D. La. 1985).

The United States Supreme Court has emphasized that the Anti-Injunction Act "is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified by only specifically defined exceptions." *Amalgamated Clothing Workers of America v. Richman Bros.*, 348 U.S. 511, 511-16 (1955); *see also Chick Kam Choo*, 486 U.S. 140, 146 (1988)("[The Anti-Injunction Act's] exceptions are narrow and are not to be enlarged by loose statutory construction.")(internal quotations omitted). As a result,

"'[p]roceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately the United States Supreme Court.'" *National R.R. Passenger Corp.*, 929 F.2d at 1536 (quoting *Atlantic Coast Line R. Co.*, 398 U.S. at 297)).  The Anti-Injunction Act applies not only to orders directly enjoining the state court, but also injunctions directed at the state court litigants. *Atlantic Coast R.R. Co.*, 398 U.S. at 287; *In re Diet Drugs*, 282 F.3d 220, 233 (3rd Cir. 2002).

The United States only relies on the third exception – the so-called "re-litigation" exception – to protect the "judgment" that this Court will enter.  See *Rutledge v. Scott Chotin, Inc.*, 972 F.2d 820, 824 (7 th Cir. 1992).  This exception is "founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. at 147-48; *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d at 1253. This exception only permits a federal court to protect the specific judgment entered. *Matter of Bridgestone/Firestone, Inc., Tires Product Liability Litigation*, 333 F.3d 763, 765-66 (7th Cir. 2003)(agreeing that the district court "properly denied [defendant's] request for an injunction" where the court's judgment only addressed the propriety of nationwide class certification, and the state court litigation sought statewide class certification).  The exception thus applies where: (1) a federal court entered judgment; and (2) "the claims or issues, strictly and narrowly defined, enjoined from state court litigation actually have been decided by the district court."  *Rutledge*, 972 F.2d at 825.  Moreover, the party seeking the injunction "must still show equitable entitlement to an injunction." *Glenayre Electronics, Inc. v. Jackson*, No. 02 CV 0256, 2007 WL 2492105 at * 4 (N.D. Ill. Aug. 30, 2007).

**C.     This Court's Judgment Will Not Be Immediately Appealable, And Cannot Form the Basis for An Injunction Under the Re-litigation Exception.**

This Court cannot enjoin Hill from litigating his scope-of-employment petition, because the judgment this Court will enter will not be an appealable order. While Hill does not know how this Court intends to frame its judgment, if history is any indication, the judgment that this Court will enter – as it did on January 31, 2008 in Case No. 07 C 6939 – will "reaffirm [the Court's] earlier decision dated 05/17/06 in case number 05 C 6175, dismiss the petition, and once again remand the action to the Circuit Court of Lake County (04 L 180)." The United States does not argue that this Court's ruling on Hill's scope petition – and remand to the Illinois courts – will bind the parties or the Illinois state court under the *res judicata* or collateral estoppel doctrine, and that dooms the United States's request for injunctive relief. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. at 147-48. Indeed, the Seventh Circuit recognized that "because the parties have been prevented by statute from any appellate review of the district court's scope of employment decision, issue preclusion cannot be invoked in the state court on the question of whether Hill was acting within the scope of his employment when he attacked Foster." *Foster v. Hill*, 497 F.3d at 698.

As previously noted, the United States's request to enjoin Hill from litigating his scope petition in the Illinois court hinges on its belief that a remand under § 2679(d)(3) is an appealable judgment. However, the Seventh Circuit's opinion dismissing Hill's appeal for lack of appellate jurisdiction, and this Court's January 31, 2008 *sua sponte* remand order "based upon lack of subject matter jurisdiction over the underlying action" should eviscerate that unfounded belief. *Foster v. Hill*, 497 F.3d at 698; *Foster v. Hill*, No. 07 C 6939 (N.D. Ill. Jan. 31, 2008).

The government's argument that this Court's remand is appealable despite 28 U.S.C. §§

1447(c) and 1447(d) because this Court initially had jurisdiction to consider the government's removal petition cannot pass muster after *Powerex Corp. v. Reliant Energy Services, Inc.*, ___ U.S. ___, 127 S.Ct. 2411 (2007). As the Sixth Circuit recently held in *Blackburn v. Oaktree Capital Management*, LLC, 511 F.3d 633, 636 (6th Cir. 2008), *Powerex* overruled the so-called post-removal event doctrine:

> The Supreme Court's recent decision in *Powerex* requires us to reconsider, or at least clarify, our prior decisions. In *Powerex*, the Supreme held that "when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)." *Id.* at 2417. Accordingly, we recognize that our Sixth Circuit decisions are overruled to the extent they held that a remand for lack of subject matter jurisdiction pursuant to § 1447(c) was reviewable if it was premised on a post-removal amendment to a complaint." *See Price v. J & H Marsh & McLennan, Inc.*, 493 F.3d 55, 61 (2 nd Cir. 2007)(stating Supreme Court in *Powerex* "rejected the post-removal-event doctrine (although the Court did not call the doctrine by that name)"); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) (recognizing *Powerex* overruled its prior interpretation of § 1447(c)).

Thus, if this Court denies Hill's petition and dismisses the United States, the Court's remand order will again be for lack of subject-matter jurisdiction, and thus unreviewable on appeal. Moreover, the United States makes no attempt to show the equitable considerations necessary to warrant this Court's grant of an injunction. *See Glenayre Electronics, Inc. v. Jackson*, No. 02 CV 0256, 2007 WL 2492105 at * 4. The government cannot make such a showing, because it cannot show that it will suffer irreparable harm without an injunction. If the United States perceives that it is somehow "caught" in the web of removals and remand, it must remember that it is the only one responsible for those removals. While the Seventh Circuit already pointed the way out of that web, the United States persists in refusing to follow that path. This Court should not reward the United States for its self-inflicted injury with an injunction to enforce a non-final, non-reviewable judgment.

### III. CONCLUSION

Although the United States persists in trying to keep this case before a federal forum, there are only two ways to reach that result: (1) if the United States certifies that Kirk Hill acted within the scope of his employment, this case would be in federal court, and § 2679(d)(3) would keep it here, even if this Court disagreed with that scope decision; or (2) this Court can find and certify that Hill acted within the scope of his employment, and substitute the United States as the defendant. Barring those options, the Supreme Court and Seventh Circuit precedent – and the express language of § 2679(d)(2) – demand that this case be remanded to state court for lack of subject matter jurisdiction.

Respectfully submitted,

STELLATO & SCHWARTZ, LTD.

By: /s/David S. Allen
David S. Allen

6193463 (SBB)
3128186 (DSA)
Steven B. Borkan
David S. Allen
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant/Petitioner Kirk L. Hill
120 N. La Salle Street, 34th Floor
Chicago, Illinois 60602
(312) 419-1011