IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HALL FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1164 |
| | ) | |
| KIRK L. HILL, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

  This matter is before the court on Kirk L. Hill's ("Hill") motion to remand and for attorneys' fees and sanctions. This matter is also before the court on the United States' ("Government") request to deny Hill's petition for certification that he was acting within the scope of his employment, and for injunctive relief. For the reasons stated below, we find that Hill was not acting within the scope of his employment, we deny Hill's petition to certify that Hill was acting within the scope of his employment, and we remand the case to the state court. We also deny Hill's request for attorneys' fees and sanctions, and we deny the Government's request for

1

injunctive relief.

## BACKGROUND

At the outset, we note that this is the third time in this litigation that we have addressed the issue of remand. On March 1, 2004, James Hall Foster ("Foster") filed an action against Hill in state court alleging an intentional assault and battery by Hill on March 5, 2002. Since Hill was a federal employee, he requested that the Attorney General of the United States ("Attorney General") certify that Hill was acting within the scope of his employment at the time of the alleged assault and battery. On June 27, 2005, the Attorney General's designee, pursuant to 42 U.S.C. § 233 and 28 C.F.R. § 15.3, declined to certify that Hill was acting within the scope of his employment at the time of his attack on Foster. On October 21, 2005, Hill filed a petition ("Petition") in state court requesting the state court to certify that Hill was acting within the scope of his employment when he struck Foster and to substitute the Government for him as the sole defendant. On October 26, 2005, the Government removed the action to this court (case number 05 C 6175). On May 17, 2006, we remanded the action to state court. On December 10, 2007, the Government again removed the action to this court and on January 31, 2008, we again remanded the action to state court. Finally, on February 26, 2008, the Government once again removed the action to this court and briefing was completed on September 17, 2008.

# DISCUSSION

## I.  Issues Relating to Removal, Scope of Employment, and Remand

The Government removed the instant action pursuant to 28 U.S.C. § 2679(d)(3) of the Westfall Act ("Section 2679(d)(3)"), which provides as follows:

> In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment.  Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure.  In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending.  If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3).  On May 17, 2006, we agreed with the Attorney General's determination and concluded that Hill was not acting within the scope of his employment when he struck Foster.  Therefore, we denied Hill's Petition to substitute the United States as a defendant in his place, and remanded the action to state court as mandated by the Westfall Act, 28 U.S.C. § 2679.  Hill appealed our May 17, 2006, ruling, and on August 13, 2007, the Seventh Circuit dismissed the appeal for lack of jurisdiction.  *Foster v. Hill*, 497 F.3d 695, 699 (7th Cir. 2007).

3

The Seventh Circuit stated that when the district court remanded the case, the district court "did not cite to § 1447(c) as the grounds for remanding the decision, and was silent as to whether the remand was based on a lack of subject matter jurisdiction." 497 F.3d at 698. The Seventh Circuit construed the silence on the part of this court, similar to the case in *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007), "to imply that the court was tacitly remanding for lack of subject matter jurisdiction. . . ." 497 F.3d at 699.

After the Seventh Circuit dismissed Hill's appeal, the case proceeded in state court and on December 3, 2007, Hill filed a renewed petition ("Second Petition") requesting the state court to certify that Hill was acting within the scope of his employment and to substitute the United States for him as the sole defendant. On December 10, 2007, the Government removed the action to federal court, and on January 31, 2008, we remanded the action once again to state court (case number 07 C 6939). In remanding the action for the second time, we indicated that we had subject matter jurisdiction to review the matter before us, and once we determined that Hill was not acting within the scope of his employment, the United States could not be considered a party in the action at that juncture and therefore we lacked subject matter jurisdiction in the remaining underlying action. We make it clear that there was no defect in the removal, and that at the time of removal the court had subject matter jurisdiction and the court made a decision relating to the merits of an issue properly before the court pursuant to the Westfall Act. However, once we

4

made our determination on the issue of scope of employment, which was properly before the court, we no longer had subject matter jurisdiction and the Westfall Act mandated that we remand the case. After the case was remanded to state court for the second time, the Government contends that on February 25, 2008, it was served with a motion for briefing in Illinois state court relating to Hill's renewed petition for a federal scope of employment certification and that because Hill's motion was effectively "a third attempt to obtain a federal scope-of-employment certification, the [Government] removed this action for a third time." (Ans. 5). The instant action was removed by the Government on February 26, 2008 (case number 08 C 1164).

The Government now requests that if this court remands this action again, the court should specify that this case is remanded to state court pursuant to Section 2679(d)(3) and not for lack of subject matter jurisdiction. (Ans. 1). Hill agrees with the Government. (Reply 4). In addition, the Government requests that the court enjoin Hill from filing any further petitions in state court relating to the issue of scope of employment.

Hill has filed a motion to remand this case and has requested that we not make any decision on the merits relating to the scope of employment issue. Since Hill has filed a petition relating to the scope of employment, and the Government has removed this case pursuant to the Westfall Act, we have jurisdiction to make a determination on the issue of Hill's scope of employment, and contrary to Hill's request, we have decided to make a decision on the issue of Hill's scope of

employment. 28 U.S.C. § 2679(d)(3). In reviewing the matter before us, we conclude, for the same reasons stated in our May 17, 2006 ruling, that Hill was not acting within the scope of his employment when he struck Foster. *Foster v. Hill*, 2006 WL 1430552, at *3 (N.D. Ill. 2006). Therefore, we again deny Hill's petition to substitute the United States as a defendant in his place, and we remand the action to state court as mandated by the Westfall Act. Neither side has provided any justification why this case should not be remanded. Since this is the third remand in the instant matter, we indicate below why we are again remanding this matter. Each time following removal by the Government, we had subject matter jurisdiction to hear the matter and to render a decision on the merits of the scope of employment issue. Had we found that Hill was acting within the scope of his employment, the United States would have been substituted as a party in the litigation and we, therefore, would have continued to retain jurisdiction. *Foster*, 497 F.3d at 697. However, each time that this matter was before us, we determined that Hill was not acting within his scope of employment. Once we made such a determination, the Westfall Act unequivocally provides that the action or proceeding "shall" be remanded to state court. In a typical case involving removal and a subsequent remand for lack of subject matter jurisdiction, a plaintiff files an action in state court, the defendant removes the action to federal court, and if the district court determines based on the facts that at the time of the removal the district court did not have subject matter jurisdiction, the district court remands the matter to state court for lack of subject matter jurisdiction. *See, e.g., King v. Retailers Nat. Bank*, 388 F.Supp.2d

913, 914 (N.D. Ill. 2005)(St. Eve, J.)(remanding a removed case for lack of subject matter jurisdiction). Unlike a typical case, as noted above, where the court remands the action because at the time of the removal the court did not have subject matter jurisdiction, in the instant case we had subject matter jurisdiction at the time of removal, but once we made a determination on a limited issue and found that Hill was not acting within the scope of his employment, we are mandated by the Westfall Act to remand the instant action.

In the instant action, after the case was removed, we had jurisdiction at the outset of this case to adjudicate Hill's scope of employment. We exercised our adjudicatory power, and such an adjudication was not an act by this court to determine its jurisdiction, but to determine the scope of employment issue. Our adjudication on the scope of employment issue resulted in the court losing jurisdiction to deal further with the merits of the case since the Government was not substituted as a party. The Westfall Act then mandated that we remand the action. As to the instant remand, we have considered 28 U.S.C. § 1447(c), and we emphasize that we are expressly remanding this action based solely upon the mandate in Section 2679(d)(3) and not because of lack of subject matter jurisdiction at the time of removal. Therefore, based on the foregoing, we deny Hill's instant petition and remand the instant action to state court.

## II. Hill's Request for Attorneys' Fees

Hill has requested attorneys' fees contending that the Government's third removal was improper. When the district court remands an action to state court, the district court may require the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorneys' fees should be awarded "only if the defendant 'lacked an objectively reasonable basis for seeking removal.'" *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007)(quoting in part *Martin v. Franklin Capital Corporation,* 546 U.S. 132 (2005)). We have considered the arguments by the parties. In this case, there has been no showing by Hill that the Government improperly removed the instant action. Hill has not contested the Government's assertion that Hill has filed a series of petitions in state court seeking certification that he was acting within the scope of his employment, and requesting that the United States be substituted for him as the sole defendant. Nor has Hill contested the fact that the Attorney General made a decision finding that Hill was not acting within the scope of his employment. Therefore, the Government is an interested party relating to the issue of Hill's scope of employment. The Westfall Act not only authorizes the Government to remove a case, but also recognizes the Government's interest by facilitating removal without the posting of a bond. There has been no showing by Hill that the Government was required to wait until a state court made a determination that would result in the Government being substituted as a defendant. Any proceeding in state court relating

to the scope of employment issue would have impacted on the Government's legitimate interests. Thus, the Government's action in removing the matter to federal court at the earliest opportunity, based upon the Government's interest in the matter, was not unreasonable or contrary to law. In addition, in view of the unique procedural posture of this case, Hill has not shown that prolonging the proceedings in state court, on the issue of Hill's scope of employment, would have resulted in financial savings relating to the instant litigation. The Government exercised its right to remove this action pursuant to Section 2679(d)(3), which specifically provides that "[i]n the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending." 28 U.S.C. § 2679(d)(3). Hill has not shown that the Government lacked an objectively reasonable basis for seeking removal. Therefore, we deny Hill's request for attorneys' fees.

### III. Government's Request for Injunction and Hill's Request for Sanctions

The Government, in its supplemental memorandum, has requested that we bar Hill from filing any further petitions in state court seeking certification of scope of his employment. (G Supp. 8). Hill, in his supplemental memorandum, has requested that we sanction the Government if the Government removes the action again to federal court. If we grant Hill's request it would be contrary to 28 U.S.C. § 2679(d)(3) because that statute gives the Government the right to remove the action

to federal court. Therefore, we decline to grant Hill's request for sanction.

As to the Government's request for an injunction, the Government argues that if we decline to provide the Government with injunctive relief, once the case is remanded, based on the history of this case, Hill in all likelihood will file yet another petition for certification that he was acting within the scope of his employment and the Government once again, pursuant to 28 U.S.C. § 2679(d)(3), will be entitled to remove the action to federal court.

The Government further argues that even if the Government did not immediately remove the case to federal court and the issue of scope of employment was adjudicated in state court and went through the entire state court process, and the state court, contrary to this court's finding, found that Hill was acting within the scope of employment, the Government will be substituted as the sole defendant, and the Government will remove the case to federal court. At that point, the Government argues that when the case is removed to this court, the law of the case doctrine would not allow this court to revisit the issues that this court has already decided, specifically on the issue of scope of employment. We would then be required to remand the action back to state court pursuant to the Westfall Act. The result may be an endless cycle, as the Government argues, which will be a waste of resources and would forever prolong the resolution of the underlying tort case filed by Foster against Hill in state court. There is no question that the underlying tort action is between Foster and Hill and justice requires that Foster should have the ability to

pursue his tort claim on the merits against Hill in state court. Hill would like the Government to defend him in such an action and assume the liability if Foster prevails in his tort claim against Hill. However, the Government has already determined that Hill was not acting within the scope of his employment when he allegedly struck Foster and we have agreed with the Government's conclusion that Hill was not acting within the scope of his employment. Based on the history of this case, clearly there is merit to ending further delays in the underlying state court action between Foster and Hill caused by the endless cycle of removals and remands.

Hill argues that if we grant the Government's motion for an injunction, Hill be prejudiced because Hill would not be able to have a review of our determination on the issue of Hill's scope of employment. We find that injunctive relief sought by the Government is not appropriate at this juncture of the case. However, based upon our reasoning for the remand, as analyzed above, the issue of Hill's scope of employment might be ripe for final resolution. *See in re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992)(stating that [t]he dispositive question is: 'When?' Was there subject-matter jurisdiction at the time of removal, vanishing because of the change in the identity of the plaintiffs? If so, we have a replay of *Carnegie-Mellon* and may review the remand order"); *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S.Ct. 2411, 2418 (2007)(stating that the relevant inquiry is whether the district court "relied upon a ground that is colorably characterized as subject-matter jurisdiction"). We emphasize that our remand as mandated by the Westfall Act and

11

our ruling that the remand is not for lack of subject matter jurisdiction at the time of removal does not automatically make this ruling a reviewable order. Based on the above, we deny the Government's request for injunctive relief.

## CONCLUSION

Based on the foregoing analysis, we find that Hill was not acting within the scope of his employment, we deny Hill's petition to certify that Hill was acting within the scope of his employment, and we remand the case to the state court for further proceedings. We also deny Hill's request for attorneys' fees, we deny Hill's request for sanctions, and we deny the Government's request for injunctive relief.

                                               Samuel Der-Yeghiayan
                                               United States District Court Judge

Dated: September 29, 2008